**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4318

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

LYNN RAY DAVIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr., Chief
District Judge.  (1:06-cr-00249-JAB)

Submitted:  April 30, 2008          Decided:  May 19, 2008

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Kyle Smith, LAW OFFICE OF J. KYLE SMITH, PLLC, Newton, North
Carolina, for Appellant.   Anna Mills Wagoner, United States
Attorney, Clifton T. Barrett, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lynn Ray Davis appeals his jury conviction for conspiracy to distribute cocaine base, two counts of distributing cocaine hydrochloride, possession with intent to distribute cocaine base and cocaine hydrochloride, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000). Davis contends that the district court erred in admitting evidence; the evidence was insufficient for the jury to find him guilty of count three; the district court plainly erred in instructing the jury on count three; and the district court plainly erred in violation of his rights under the Confrontation Clause in allowing testimony by an expert in the field of forensic chemistry regarding the testing performed by another chemist. We affirm.

Davis first contends the district court erred under Fed. R. Evid. 403 by allowing into evidence a videotape of alleged drug sales by Davis, because the admission was more prejudicial than it was probative of his conspiracy to distribute cocaine base. "Under Federal Rule of Evidence 403, relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.'" United States v. Myers, 280 F.3d 407, 413 (4th Cir. 2002) (quoting Fed. R. Evid. 403). "Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States

v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996). Thus, we have "interpreted Rule 403 to require the exclusion of evidence 'only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'" United States v. Van Metre, 150 F.3d 339, 350 (4th Cir. 1998) (quoting United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995)).

We review the district court's "application of this balancing test with the broad deference that the abuse of discretion standard requires." Myers, 280 F.3d at 413 (citation omitted). Abuse of discretion "occurs only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted). Where the district court gives a limiting instruction on the use of evidence, the fear that the jury may improperly use the evidence subsides. United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

We have reviewed the record and find no abuse of discretion. The videotape evidence of Davis engaged in what appeared to be street-level drug distribution was relevant to the conspiracy charge, and it corroborated testimony given by other Government witnesses regarding Davis's conspiracy to distribute cocaine base. Davis argues that the probative value of the

videotape was outweighed by its prejudice because it "instilled an impression that the items sold [by Davis] were cocaine base," even though the officer making the videotape was not close enough to identify the drugs.  However, the videotape merely illustrated the officer's testimony describing the same events, and Davis did not object to the testimony.  Moreover, in response to Davis's concern that the tape did not relate to any of the substantive distribution counts, the district court gave a limiting instruction that the evidence should be considered only for the purpose of showing Davis's knowledge of and involvement in a drug conspiracy.

Davis next contends that the district court erred in denying his motion to dismiss as to count three, because the evidence was insufficient to support the charge, and the district court plainly erred in its jury instructions.  We must sustain a jury's verdict if there is substantial evidence, taking the view most favorable to the Government, to support it.  Glasser v. United States, 315 U.S. 60, 80 (1942).  Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt.  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  We do not review credibility of witnesses or decide between differing reasonable interpretations of the evidence.  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).  Reversal for insufficient evidence is reserved for the rare case in which the

prosecution's failure is clear.  <u>United States v. Beidler</u>, 110 F.3d 1064, 1067 (4th Cir. 1997).

Count three charged Davis with possessing with intent to distribute 14.1 grams of a mixture and substance containing detectable amounts of cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000).  The district court instructed the jury that when determining whether any drug quantity fell within certain ranges, they should consider the total weight of the mixture or substance containing a detectable amount of the drug charged.  Although Davis conceded that the substance and mixture which was the subject of count three contained cocaine base, he argued that it did not contain 14.1 grams of cocaine base, and the jury would be unable to determine whether it did so.

On appeal, Davis contends the evidence was insufficient to show the individual weights of the cocaine base and cocaine hydrochloride, and it was therefore impossible for the jury to conclude that the weight of the cocaine base was greater than five grams under 21 U.S.C. § 841(b)(1)(B).  He further contends the district court plainly erred in failing to give a special jury instruction that they should determine the actual individual weights of the two drugs.  We find these arguments without merit. The district court properly concluded that the entire mixture or substance is weighed when calculating the sentence.  <u>See</u> 21 U.S.C. § 841(b)(1)(B) (2000); <u>Chapman v. United States</u>, 500 U.S. 453, 459

(1991).  Thus, the district court erred neither in denying Davis's motion to dismiss nor in instructing the jury.

Finally, Davis contends that the district court plainly erred in violation of his Sixth Amendment right to confront witnesses under Crawford v. Washington, 541 U.S. 36 (2004), when the district court allowed expert testimony by a chemist regarding testing performed by another chemist in identifying the drugs involved in count three.  Because Davis did not raise the issue in the district court, our review is for plain error.  See United States v. Olano, 507 U.S. 725, 731-32 (1993).

We recently concluded that data generated by lab machines from the testing of a blood sample taken by a lab technician was not a testimonial statement for Confrontation Clause purposes.  United States v. Washington, 498 F.3d 225, 229 (4th Cir. 2007), pet. for cert. filed, __ U.S.L.W. __ (Dec. 14, 2007) (No. 07-8291).  Even if Davis could show error in allowing the chemist's testimony in this case, we conclude he has not shown plain error affecting his substantial rights.  On appeal, he contends that the individual weight of the two drugs contained in the count three mixture was a critical issue, and he should have had an opportunity to cross-examine the chemist who tested the sample regarding any conclusions drawn from the sample.  However, the individual weight of the drugs was not a critical issue affecting his substantial rights.  Because

Davis does not dispute the total weight of the sample or the fact that it contained cocaine base, he has shown no prejudice.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED