**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7369

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARCUS CRAWLEY, a/k/a Holyfield,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07−cr−00488−REP−RCY−3)

Argued:  March 9, 2021                              Decided:  June 23, 2021

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by published opinion.  Judge Diaz wrote the majority opinion, in which Judge Harris joined.  Judge Thacker wrote a dissenting opinion.

**ARGUED:**  Jenifer Hartley, Christopher Collum, WASHINGTON UNIVERSITY SCHOOL OF LAW, Saint Louis, Missouri, for Appellant.  Aidan Taft Grano, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Daniel S. Harawa, Clark Gebhart, Student Counsel, Appellate Clinic, WASHINGTON UNIVERSITY SCHOOL OF LAW, Saint Louis, Missouri, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Angela Mastandrea-Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

DIAZ, Circuit Judge

Marcus Crawley filed a 28 U.S.C. § 2255 motion seeking to vacate his conviction and sentence for using, carrying, and brandishing a firearm during crimes of violence and drug trafficking in violation of 18 U.S.C. § 924(c), because the conviction relied in part on a now invalid predicate offense. The district court denied relief, and also denied Crawley a certificate of appealability ("COA"). Crawley then turned to us for a COA, and we permitted formal briefing and oral argument on the matter.

We now grant Crawley's request for a COA, because he has made the requisite showing that "the District Court's decision was debatable." *See Buck v. Davis*, 137 S. Ct. 759, 774 (2017). But we conclusively settle the debate in the district court's favor, and hold that Crawley's § 924(c) conviction is sound because the second predicate offense alleged in the § 924(c) indictment remains valid.

I.

In 2007, Marcus Crawley and his two codefendants invaded a home and robbed an individual they believed to be a drug dealer. Three other victims were in the home during the robbery: a woman and two children, ages ten and two. The ten-year-old child witnessed most of the robbery and associated violence.

During the robbery, Crawley and his codefendants pistol-whipped and stabbed the man they suspected of dealing drugs, leaving the knife embedded in his leg as they fled. They stole a gun belonging to the woman that was in a vehicle, which they had forced her

2

to unlock at gunpoint. Crawley and his codefendants also made off with cash and a shotgun, but they didn't find any drugs.

The woman called 911 to report the home invasion, and Crawley and his codefendants were arrested shortly thereafter during a traffic stop. Crawley had with him $2,198 in cash that was stolen from the victims' home. He also had the male victim's blood on his shoes. The woman identified Crawley and his codefendants as the three robbers and told police that all three brandished firearms. Crawley also admitted to police that he committed the robbery to steal drug proceeds and half a kilogram of cocaine.

A federal grand jury indicted Crawley and his codefendants for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); attempt to possess with intent to distribute a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846 (Count Two); using, carrying, and brandishing firearms during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four).

Count Two of the indictment specifically alleged that Crawley attempted to possess "cocaine hydrochloride and cocaine base, commonly known as 'crack,'" J.A. 15,[1] with the intent to distribute it, but didn't allege a specific drug weight. And Count Three alleged:

> [Crawley and his codefendants] did knowingly, intentionally, and unlawfully use, carry, and brandish firearms . . . during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United

[1] Citations to the "J.A." and "Supp. J.A." refer to the Joint Appendix and Supplemental Joint Appendix filed by the parties in this appeal.

States, to wit: Conspiracy to Interfere With Commerce by Threats and Violence pursuant to Title 18, United States Code, Section 1951(a) *and during and in relation to a drug trafficking crime, to wit: Attempt to Possess with the Intent to Distribute a Schedule II controlled substance, to wit: cocaine hydrochloride and cocaine base, commonly known as "crack,"* pursuant to Title 21, United States Code, Section 846.

J.A. 15–16 (emphasis added).

As part of a plea agreement, Crawley pleaded guilty to Counts One and Three of the indictment and the government dismissed the remaining two Counts. During the plea colloquy, the district court asked Crawley: "Now, count three, do you understand that you are charged with having used, carried, and brandished a firearm or firearms during and in relation to a crime of violence *and a drug-trafficking crime*? You understand that's the charge?" Supp. J.A. 72 (emphasis added). Crawley said yes. The court also asked Crawley whether he was pleading guilty to counts one and three, because he was, "in fact, guilty of what they say you did in each count[,]" and Crawley again said yes. Supp. J.A. 76.

The district court then asked Crawley whether he and others had, in fact, committed a home invasion of an individual he thought was a drug dealer, "the purpose of which was to rob him of money and narcotics and specifically cocaine," and during which he and his coconspirators ransacked the house seeking money and drugs, displayed firearms, stole cash and a shotgun, and stabbed and pistol-whipped the suspected drug dealer. Supp. J.A. 81–83. Crawley affirmed that these facts were correct.

Crawley admitted that he "committ[ed] the acts set forth in Counts One and Three of the pending superseding indictment . . . knowingly, intentionally, and unlawfully, without legal justification or excuse, and with the specific intent to do that which the law

4

forbids, and not by mistake, accident, or any other reasons." J.A. 42. He further admitted that the government could prove the facts described in the statement of facts, and that those facts established his guilt of the offenses beyond a reasonable doubt.

The district court sentenced Crawley to 150 months on Count One and 84 months on Count Three, to run consecutively. The court also sentenced Crawley to five years of supervised release.

Crawley didn't appeal but later moved to vacate his sentence under 28 U.S.C. § 2255. The district court dismissed the motion as time-barred, and we denied a COA. *United States v. Crawley*, 474 F. App'x 213 (4th Cir. 2012).

We subsequently permitted Crawley to file a second § 2255 motion challenging his Count Three conviction and sentence in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015), that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. While Crawley's motion was pending in the district court, we concluded that (1) conspiracy to commit Hobbs Act robbery isn't a crime of violence under § 924(c)'s force clause and (2) the crime of violence definition in § 924(c)'s residual clause is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 233, 236 (4th Cir.) (*en banc*), *cert. denied*, 140 S. Ct. 304 (2019); *see also United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (reaching the same conclusion as to the residual clause's definition of crime of violence).

The district court denied Crawley's second § 2255 motion. Though the court acknowledged *Simms* and *Davis*, it held that Crawley's conviction on Count Three remained valid because it was also predicated on the use, carrying, and brandishing of

5

firearms during the drug trafficking crime charged in Count Two. *United States v. Crawley*, No. 3:07CR488, 2019 WL 4307868, at \*2–\*3 (E.D. Va. Sept. 11, 2019).

The district court noted that Count Three of the superseding indictment clearly indicated that the § 924(c) charge was predicated on the conduct charged in both Counts One and Two. *Id.* at \*2. The court also pointed to (1) the statement of facts submitted as part of the plea agreement which, in its view, provided the factual support for the predicate offenses, and (2) Crawley's agreement during the plea colloquy that he understood the charges against him. *Id.*

This appeal followed.

## II.

"[I]n an appeal relating to the denial of a § 2255 motion, we review a district court's legal conclusions de novo." *United States v. Nicholson*, 475 F.3d 241, 248 (4th Cir. 2007).

### A.

Crawley argues that the district court erred in denying his second § 2255 motion because his § 924(c) conviction relied on the now-invalid predicate offense of conspiracy to commit Hobbs Act robbery. He complains that: (1) the district court "scoured the record" and engaged in improper fact finding "by looking past the plea [a]greement and searching the statement of facts" to determine that Crawley was guilty of a crime that had not been proven beyond a reasonable doubt, Appellant's Br. at 14–15 (citing *Alleyne v. United States*, 570 U.S. 99, 114–16 (2013)); (2) "the district court improperly relied on the Statement of Facts accompanying the Plea Agreement to support the § 924(c) conviction

6

when the Supreme Court has made clear that a defendant pleads guilty only to the elements of the charged offense, not every fact proffered by the prosecution," Appellant's Br. at 15 (citing *Descamps v. United States*, 570 U.S. 254, 269–70 (2013)); (3) his guilty plea to a charge which alleged conjunctively the disjunctive components of § 924(c) meant that he pleaded guilty only to conspiracy to commit Hobbs Act robbery, because it is, in Crawley's view, the less serious of the two offenses, Appellant's Br. at 15 (citing *United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012)); and (4) the district court's decision to affirm his sentence based on a dismissed charge was "fundamentally unfair," Appellant's Br. at 15–16.

As we explain, none of these arguments have merit.[2]

B.

Crawley's first two arguments fail for the same reason. The statement of facts was an integral part of the plea agreement, and the district court neither engaged in improper fact-finding nor "scoured the record" aside from reading these two critical record documents.

As part of his plea, Crawley "admit[ted] the facts set forth in the statement of facts filed with [the] plea agreement" and agreed that the former was "incorporated into [the agreement]." J.A. 24. Crawley also admitted that he "did conspire with others . . . to interfere with commerce by threats and violence and he did use, carry and brandish a

---

[2] Because we decide this appeal on the merits, we needn't address whether Crawley's *Johnson* claim is procedurally defaulted.

7

firearm during and in relation to a crime of violence *and a drug trafficking crime*." J.A. 38 (emphasis added). He conceded that he and his codefendants "agreed to commit an armed home invasion robbery at the home of an individual who they believed was a drug dealer" in order to "rob the victim of United States currency and narcotics, specifically, half a kilogram or more of cocaine." J.A. 39. And he admitted that, during the violent home invasion, he and his codefendants brandished firearms, "demanded money and drugs[,] and ransacked each room in the residence searching for half a kilogram of cocaine and cash." *Id.*

The plea agreement stated (and Crawley confirmed during the plea colloquy) that Count Three charged Crawley "with Us[ing], Carry[ing] and Brandishing Firearms During and in Relation to a Crime of Violence *and a Drug Trafficking Crime*." J.A. 23 (emphasis added); Supp. J.A. 72. With that understanding of the record, the district court considering Crawley's § 2255 motion relied—we think correctly—on our holding in *United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir. 2016), that *Johnson* has no effect on a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and a drug trafficking crime. We so held because the drug trafficking predicate is unaffected by the holdings in *Johnson*, *Simms*, and *Davis*, and the *Hare* jury indicated its finding on a special verdict form that the defendants possessed a firearm in furtherance of a drug trafficking crime. *Id.*

We reaffirm our holding in *Hare* that a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following *Johnson* and its progeny, and we extend that holding to cases in which the defendant pleads guilty to a § 924(c) offense

8

expressly based on the valid and invalid predicate. In so holding, we join our sister circuits. *See In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (holding that, "although Navarro pled guilty only to conspiracy to commit Hobbs Act robbery and a § 924(c) violation, his plea agreement and the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes"); *United States v. Collazo*, — F. App'x — , 2021 WL 1997681, at *5 (3d Cir. May 19, 2021) (holding that, though Collazo only pleaded guilty to conspiracy to commit Hobbs Act robbery and violating § 924(c), "the indictment, plea agreement, and plea colloquy all make clear that Collazo committed Hobbs Act robbery and that the robbery was a predicate for his § 924(c) conviction.").

And as was the case with the special verdict form at issue in *Hare*,[3] we can determine the factual and legal basis of Crawley's § 924(c) conviction. We know—because the record tells us—that Crawley pleaded guilty to a violation of § 924(c) expressly predicated on both a crime of violence *and* a drug trafficking crime.

Crawley attempts to distinguish *Hare* by noting that the defendants there were convicted of the underlying drug trafficking predicate, whereas Crawley pleaded not guilty

---

[3] We thus agree with the district courts that have applied our holding in *Hare* to plea agreements. *See United States v. Porcher*, No. 3:11-245-CMC, 2019 WL 4014732, at *6 (D.S.C. Aug. 26, 2019) (applying *Hare* to uphold § 924(c) conviction pursuant to a plea agreement, when the defendant pleaded guilty to conspiracy to commit Hobbs Act robbery and using a firearm in furtherance of a drug trafficking crime but didn't plead guilty to the underlying drug trafficking predicate); *Fripp v. United States*, No. 4:08-00275-RBH, 2019 WL 2368459, at *2 (D.S.C. June 5, 2019) (applying *Hare* to uphold § 924(c) conviction pursuant to a plea agreement predicated on conspiracy to commit Hobbs Act robbery and a drug trafficking crime, when the defendant hadn't pleaded guilty to either predicate).

to, and the government dismissed, this charge. In Crawley's view, all of the facts supporting the drug trafficking charge in the statement of facts were "superfluous," Appellant's Br. at 25, and the district court was not entitled to rely on them under *Alleyne*, *Descamps*, or *Mathis v. United States*, 136 S. Ct. 2243 (2016). Crawley is wrong.

To understand why, we need look no further than *United States v. Mitchell*, where we affirmed a § 924(c) conviction arising from a guilty plea predicated on one valid and one invalid theory of liability. 104 F.3d 649, 653 (4th Cir. 1997). Mitchell challenged his guilty plea on direct appeal, arguing that the record failed to establish that he used a firearm in the manner required to establish criminal liability. *Id.* at 652. We agreed with Mitchell, but recognized that "an individual may [also] violate § 924(c)(1) by "carrying" a firearm in situations when the defendant's conduct would not amount to the type of active employment necessary to constitute [an unlawful] use." *Id.* at 652–53 (cleaned up). We then reviewed the record, held that the evidence was sufficient to show that Mitchell had carried a firearm, and further held that his plea (and resulting conviction) was valid based on the "carry" prong of § 924(c)(1). *Id.* at 653–54. That same logic applies here, since sufficient evidence supports the drug trafficking predicate for Crawley's § 924(c) conviction.

We have also held that "a defendant's conviction under § 924(c)(1) doesn't depend on his being convicted—either previously or contemporaneously—of the predicate offense, so long as the "evidence was sufficient to permit the jury to find [the elements of the predicate offense] beyond a reasonable doubt." *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997). *See also United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002)

10

(holding that "§ 924(c) convictions do not require a conviction on the predicate drug trafficking offense" as long as there is "at least some showing by the government that a reasonable jury could have convicted on the predicate drug offense.").

In this case, of course, Crawley pleaded guilty to the § 924(c) count. For the district court to accept Crawley's plea, it must first have satisfied itself "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A district court "need not satisfy itself that a jury would find the defendant guilty, or even that the defendant is guilty by a preponderance of the evidence," but instead "must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Carr*, 271 F.3d 172, 178 n.6 (4th Cir. 2001) (cleaned up).

Here, Crawley not only pleaded guilty to a § 924(c) offense predicated on both a crime of violence and a drug trafficking crime; he also stipulated to the factual basis for the enumerated drug offense—attempted possession with intent to distribute cocaine hydrochloride and crack cocaine. "An attempt to commit a crime, which is recognized as a crime distinct from the crime intended by the attempt, punishes conduct that puts in motion events that would, from the defendant's point of view, result in the commission of a crime but for some intervening circumstance." *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003). The government must also prove that the defendant committed an act which was "substantial, in that it was strongly corroborative of the defendant's criminal purpose." *Id.*

11

In the statement of facts incorporated into the plea agreement, Crawley admitted that he and his codefendants robbed the house of someone they believed to be a drug dealer with the intent to steal drug proceeds and "half a kilogram or more of cocaine," J.A. 39, far more than they would have needed for personal use. *See United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005) ("intent to distribute can be inferred from . . . the quantity of the drugs"); *United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996) (holding that 5.72 grams of crack cocaine, approximately one percent of the total drug weight Crawley and his codefendants attempted to steal, was sufficient to support a conviction for possession with intent to distribute crack); *United States v. Davis*, 278 F. App'x 263, 265 (4th Cir. 2008) (sustaining conviction for possession with intent to distribute "14.1 grams of a mixture and substance containing detectable amounts of cocaine base and cocaine hydrochloride," even though it was impossible to determine the individual weights of the crack cocaine and cocaine hydrochloride). Crawley also admitted that, when he was arrested, he had on his person $2,198 in cash that he had stolen from the victim's home, money he believed to be drug proceeds, and which he had planned and intended to steal. J.A. 41–42. *See Collins*, 412 F.3d at 519 (holding that intent to distribute can also be inferred from "the amount of cash seized with the drugs.").

On this record, we have little trouble finding a sufficient factual basis for Crawley's guilty plea to the § 924(c) offense in its entirety. Crawley's demand for half a kilogram of cocaine during the robbery and ransacking of the victim's home in search of this large quantity of drugs are substantial steps that are "strongly corroborative of [Crawley's] criminal purpose." *Pratt*, 351 F.3d at 135. But for the intervening circumstance that the

12

victim did not, in fact, have half a kilogram of cocaine in his house during the robbery, Crawley and his codefendants would have made off with this quantity of drugs along with the money they did succeed in stealing.

Contrary to our dissenting colleague's view, we neither find, nor need to find, the fact that Crawley intended to distribute cocaine based on the quantity of drugs he intended to steal. We need merely find under *Carr* that "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." 271 F.3d at 178 n.6 (cleaned up). Crawley's admission that he and his confederates attempted to steal half a kilogram of cocaine is enough to sustain his conviction pursuant to a guilty plea for a § 924(c) offense expressly predicated upon a drug trafficking crime.

The two cases Crawley relies on (*Alleyne* and *Descamps*) to urge a different result are inapposite. Neither case involved a scenario where the defendant admitted to the operative facts as part of a plea agreement. Rather, the district courts in *Alleyne* and *Descamps* found facts that increased the defendants' minimum or maximum sentences.

In *Alleyne*, the defendant was convicted of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). 570 U.S. at 103–04. That offense brings with it a five-year minimum sentence, while one who brandishes a firearm in such a crime is subject to a seven-year minimum sentence. *Id.* A jury that convicted Alleyne found on the verdict form that he had used or carried a firearm in relation to a crime of violence, but it "did not indicate a finding that the firearm was brandished." *Id.* at 104 (cleaned up).

The presentence report recommended a seven-year sentence for the offense, reflecting the mandatory minimum for cases in which the defendant brandished a firearm.

13

*Id.* Alleyne objected, arguing that the jury's failure to make the brandishing finding meant that it didn't find beyond a reasonable doubt that he had brandished a firearm. *Id.* The district court held, under then extant Supreme Court precedent, that brandishing was a sentencing factor that could be established by a preponderance of the evidence and that sufficient record evidence supported such a finding. *Id.*

The Supreme Court, however, held that under the Sixth Amendment, a jury must find facts that increase a mandatory minimum sentence, even if the defendant would receive the same sentence absent the factual finding. *Id.* at 114–15. "[B]ecause the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant might have received if a different range had been applicable." *Id.* at 115. But the Court also took care to note that its ruling "does not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 116.

In *Descamps*, the Court similarly held that "when a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements; whatever he says, or fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment." 570 U.S. at 270. Descamps was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), which on its own has a maximum sentence of ten years in prison. *Id.* at 258. But the government sought an enhancement under the ACCA, based on Descamps's prior state convictions for burglary, robbery, and felony harassment. *Id.*

14

Descamps argued that his prior burglary conviction didn't count as one of the three requisite ACCA predicate offenses, because the state statute under which he was convicted didn't require unlawful breaking and entering as an element of the crime and thus wasn't generic burglary. *Id.* at 258–59. The district court disagreed and, after reviewing the transcript of Descamps's plea colloquy for the state burglary conviction, determined that Descamps committed the offense of generic burglary based on his failure to object to the prosecutor's statement that he broke into a grocery store. *Id.* at 259.

In so doing, said the Supreme Court, "the [district] court did just what we have said it cannot: rely on its own finding about a non-elemental fact to increase a defendant's maximum sentence." *Id.* at 270. As the Court explained: "[a] defendant . . . often has little incentive to contest facts that are not elements of the *charged offense*—and may have good reason not to. . . . [D]uring plea hearings, the defendant may not wish to irk the prosecutor or court by squabbling about superfluous factual allegations." *Id.*

Here, by contrast, the district court didn't increase Crawley's maximum or minimum sentence. Nor did it find legally extraneous facts to which Crawley hadn't stipulated. Instead, it determined that the statement of facts in Crawley's plea agreement provided the factual basis for the drug trafficking predicate to Crawley's § 924(c) conviction, since Crawley expressly pleaded guilty to a count charging him "with Us[ing], Carry[ing] and Brandishing Firearms During and in Relation to a Crime of Violence and a Drug Trafficking Crime." J.A. 23.

Unlike in *Descamps*, the facts at issue in this case are not "superfluous factual allegations" but instead support the one remaining valid predicate to Crawley's § 924(c)

15

conviction.[4]  And unlike the district court in *Alleyne*, the court here neither searched the record outside of the plea agreement and incorporated statement of facts for evidence of Crawley's guilt of the drug trafficking offense, nor increased Crawley's maximum or minimum sentence based on its own findings of fact.

Crawley's arguments to the contrary lack merit.

C.

We next turn to Crawley's argument that, in pleading guilty to Count Three, which alleged conjunctively § 924(c)'s disjunctive crime-of-violence and drug-trafficking-crime components, he pleaded guilty only to the less serious statutory conduct, namely, the now-invalid predicate for conspiracy to commit Hobbs Act robbery.  We disagree.

"[I]t is settled that a charging document must allege conjunctively the disjunctive components of an underlying statute."  *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (*en banc*) (*per curiam* for *en banc* majority).  "[W]hen a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct."  *Chapman*, 666 F.3d at 228.  "Similarly, in trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced—*in the absence of a special verdict identifying the factual bases for*

---

[4] Nor do we find persuasive Crawley's reliance on the Court's observation in *Mathis* that "[s]tatements of non-elemental fact in the records of prior convictions are prone to error precisely because their proof is unnecessary." 136 S. Ct. at 2253.  The facts supporting the drug-trafficking predicate in this case are elemental to one of the two predicates for Crawley's § 924(c) conviction.

*conviction*—to a term of imprisonment exceeding the statutory maximum for the least-punished of the disjunctive statutory conduct." *Vann*, 660 F.3d at 774 (emphasis added and internal quotations omitted).

Crawley contends that the predicate drug trafficking charge represents the more serious statutory conduct, while the government argues that both predicates represent equally serious conduct. We needn't reach this issue, however, because the statement of facts in Crawley's plea agreement is akin to a "special verdict identifying the factual bases for conviction." *Vann*, 660 F.3d at 774. And this statement of facts shows that Crawley is, in fact, guilty of the drug trafficking predicate. Whereas the record in *Vann* failed to specify the subsections of the statute the defendant violated or the conduct in which he engaged, *id.* at 775, the critical record documents here show that Crawley (1) was charged with a § 924(c) violation that included a drug trafficking predicate, and (2) pleaded guilty to the charge based on that predicate.

D.

Finally, Crawley argues that the district court's decision was "fundamentally unfair," because it interpreted any ambiguity in the plea agreement in the government's favor. Appellant's Br. at 27–29. Crawley says that the most straightforward reading of the plea agreement makes clear that the sole predicate for the § 924(c) conviction was the Conspiracy to commit Hobbs Act robbery offense. He also argues that the district court should have held the government to its bargain when it dismissed the drug trafficking charge. Here again, we disagree.

17

It is true that "all ambiguities" in a plea agreement "are to be construed against the government as its drafter." *United States v. Barefoot*, 754 F.3d 226, 246 (4th Cir. 2014). But "[i]f the plea agreement is unambiguous as a matter of law, and there is no evidence of governmental overreaching, we should interpret and enforce the agreement accordingly." *United States v. Jordan*, 509 F.3d 191, 195 (4th Cir. 2007).

Crawley's plea agreement unambiguously states that Crawley pleaded guilty to "Us[ing], Carry[ing] and Brandishing [of] Firearms During and in Relation to a Crime of Violence *and a Drug Trafficking Crime*." J.A. 23 (emphasis added). And the statement of facts supporting the plea includes proof of both predicate offenses. Crawley also received the benefit of his bargain, since he would have faced up to an additional 20 years in prison had the government not dismissed the drug trafficking crime charged in Count Two. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Crawley had no reason to expect—and we decline to grant him—a windfall based on later developments in the law that would invalidate one of the two predicates supporting his § 924(c) conviction.

\* \* \*

For the foregoing reasons, we affirm the district court's judgment.

*AFFIRMED*

18

THACKER, Circuit Judge, dissenting:

Nowhere in Marcus Crawley ("Petitioner")'s plea agreement, statement of facts, or plea hearing did he admit that he brandished a firearm in furtherance of an attempt to possess drugs *with the intent to distribute them*. To the contrary, he pled *not guilty* to that charge, and the Government, as part of the plea bargaining process, *dismissed that charge*. Now that the obvious predicate offense to which Petitioner pled guilty -- conspiracy to commit Hobbs Act robbery -- is no longer a crime of violence, the Government seeks to recast Petitioner's § 924(c) conviction. I am not convinced. At all.

Nor am I convinced that Petitioner's reference to the conjunctive language in the superseding indictment is enough to support the notion that Petitioner pled guilty to the drug trafficking predicate. It is black letter law that "a charging document must allege conjunctively the disjunctive components of an underlying statute." *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc) (per curiam). But if the indictment charges a crime in the conjunctive, this certainly "does not mean that [the defendant] necessarily pleaded guilty to" both components. *Id.* (internal quotation marks omitted).

In concluding that Petitioner necessarily pled guilty to the drug trafficking predicate set forth in Count Three, the majority eschews these basic concepts. Instead, it likens the case at hand to one in which a jury delineates guilt on a special verdict form. *See ante* at 9. But in my view, the conjunctively worded superseding indictment -- and Petitioner's references to the conjunctive language of Count Three -- are nothing like a special verdict form. At all.

I dissent.

19

Petitioner was charged in a four count superseding indictment. Of note, Count

Three, to which Petitioner pled guilty, charged that Petitioner

> did knowingly, intentionally, and unlawfully use, carry, and brandish firearms . . . ***during and in relation to a crime of violence . . .*** to wit: Conspiracy to Interfere with Commerce by Threats and Violence pursuant to [18 U.S.C. § 1951(a)] ***and during and in relation to a drug trafficking crime***, to wit: Attempt to Possess with the Intent to Distribute a Schedule II controlled substance, to wit: cocaine hydrochloride and cocaine base . . . [i]n violation of [18 U.S.C. § 924(c)].[1]

J.A. 15–16 (emphases supplied).[2] Count One, to which Petitioner also pled guilty, charged

Petitioner with conspiring to interfere with commerce by threats or violence in violation of

18 U.S.C. § 1951(a) "by robbing a person or persons . . . of personal property" and

"commit[ting] physical violence in furtherance of" the robbery (also called "Hobbs Act

robbery"). *Id.* at 14–15. Count Two, to which Petitioner pled not guilty and which was

ultimately dismissed by the Government, charged Petitioner with "knowingly,

---

[1] Section 924(c) provides a sentencing enhancement for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). In turn, "crime of violence" is defined as "an offense that is a felony and . . . (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(A)–(B)). Subsection (A) is referred to as the "force clause" and subsection (B) is referred to as the "residual clause."

[2] Citations to the "J.A." and "Supp. J.A." refer to the Joint Appendix and Supplemental Joint Appendix filed by the parties in this appeal.

intentionally, and unlawfully attempt[ing] to possess with the intent to distribute . . . cocaine hydrochloride and cocaine base" in violation of 21 U.S.C. § 841(a)(1). J.A. 15. Count Four charged Petitioner with being a felon in possession of a firearm, and the Government dismissed this count as well. Count Four is not relevant to this appeal. Petitioner was sentenced to 150 months of imprisonment on Count One, followed by a consecutive 84 months of imprisonment on Count Three, for a total of 234 months.

Petitioner filed his first § 2255 petition in November 2009, but it was denied as untimely. After this court granted Petitioner's motion to file a second or successive § 2255 petition, Petitioner filed the instant petition in June 2016, contending, "the predicate offense to which he pleaded guilty, Hobbs Act Conspiracy, did not have as an element the use, attempted use, or threaten[ed] use of physical force required by 18 U.S.C. [§] 924(c)(3)(A), and . . . the r[e]sidual clause of 18 U.S.C. § 924(c)(3) . . . , was unconstitutionally vague." J.A. 70. The Government filed a motion to dismiss on statute of limitation grounds, which remained pending for nearly three years.

During the time the Government's motion to dismiss was pending, this court and the Supreme Court decided two cases which directly impacted the § 2255 petition. First, in *United States v. Simms*, we held that conspiracy to commit Hobbs Act robbery could no longer serve as a predicate crime of violence for purposes of the force clause set forth in § 924(c)(3)(A), *see* 914 F.3d 229, 233–34 (4th Cir. 2019) (en banc), or the residual clause set forth in § 924(c)(3)(B), *see id.* at 236. Then, the Supreme Court held that conspiracy to commit Hobbs Act robbery could no longer serve as a predicate crime of violence for purposes of the residual clause of § 924(c)(3)(B). *See United States v. Davis*, 139 S. Ct.

21

2319, 2336 (2019). Thus, all parties now agree that the Hobbs Act predicate in Count Three, to which Petitioner pled guilty, is no longer valid.

But, after *Simms* and *Davis*, and without the benefit of briefing, the district court nonetheless denied the petition here because it concluded Petitioner also pled guilty to the drug trafficking predicate. The district court did not address the Government's statute of limitation argument.

II.

In reviewing a district court's dismissal of a § 2255 petition, "we review its legal conclusions de novo and its findings of fact for clear error." *United States v. Roane*, 378 F.3d 382, 395 (4th Cir. 2004). I believe the district court erred both legally and factually in relying on the drug trafficking predicate offense for two independent reasons: first, it improperly relied on the conjunctive nature of the superseding indictment as *necessarily* meaning that Petitioner pled guilty to both predicates; and second, it erred in its view of the facts.[3]

---

[3] In reaching the merits, I would reject the Government's procedural default arguments. On appeal, the Government claims Petitioner did not raise the argument that § 924(c)(3)(B) was vague before his conviction was final. Ironically, the Government did not raise this procedural default challenge before the district court. Nonetheless, I believe Petitioner demonstrated cause and prejudice to overcome this default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Reed v. Ross*, 468 U.S. 1, 16 (1984) (holding that a petitioner has cause for procedurally defaulting a constitutional claim where that claim was "so novel that its legal basis [wa]s not reasonably available to counsel" at the time of the default). In any event, because the Government failed to raise the procedural default argument in the district court, it is therefore waived. *See Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter."); *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (same, citing *Yeatts*); *United States v.*

22

A.

Conjunctive Nature of Count Three

In dismissing the § 2255 petition, the district court concluded, "[Petitioner's] § 924(c) conviction in Count Three was predicated on <u>both</u> conspiracy to commit Hobbs Act robbery, <u>and</u> on use, carry, and brandish firearms during a drug trafficking crime as charged in Count Two." J.A. 99 (emphases in original). It reasoned, "The Superseding Indictment clearly indicated that the § 924(c) conviction charged in Count Three was predicated on the conduct as alleged in Count One, conspiracy to commit Hobbs Act robbery, **and Count Two, the drug trafficking charge**." *Id.* (emphases supplied). But significantly, the district court did not recognize that Petitioner had pled **<u>not guilty</u>** to Count Two and that the Government had *dismissed* that count. Moreover, the district court did not recognize that just because the superseding indictment listed the predicates in the conjunctive, this does not mean Petitioner pled guilty to both. In fact, Petitioner did not.

"[A] charging document must allege conjunctively the disjunctive components of an underlying statute." *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc) (per curiam). And a "conjunctive indictment . . . permits disjunctive consideration of guilt." *United States v. Champion*, 387 F.2d 561, 563 n.6 (4th Cir. 1967). Just because an indictment properly uses the term "and" rather than "or," this "does not mean that [a

*Bennerman*, 785 F. App'x 958, 963 (4th Cir. 2019) (per curiam) ("[P]rocedural default is an affirmative defense that the government failed to raise before the district court and has therefore waived." (citing *United States v. Pregent*, 190 F.3d 279, 284 n.5 (4th Cir. 1999) (suggesting the Government must "raise the affirmative defense of procedural default")).

23

defendant] necessarily pleaded guilty to" both. *Vann*, 660 F.3d at 774 (internal quotation marks omitted). Rather, "when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." *United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012) (citing *Vann*, 660 F.3d at 775).

Yet, the district court did not even attempt to engage in this analysis. If it had, it should have readily concluded the Hobbs Act conspiracy predicate is less serious than the drug trafficking predicate. Hobbs Act conspiracy requires "the Government [to] prove only that [Petitioner] agreed with another to commit actions that, if realized, would violate the Hobbs Act." *United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019) (en banc). A Hobbs Act conspiracy conviction has no mandatory minimum, but a statutory maximum of 20 years. *See* 18 U.S.C. § 1951(a). In contrast, the dismissed drug trafficking crime alleged in Count Two of the indictment would have required the Government to prove more than mere agreement. It required that the Government establish that Petitioner intended to commit a crime and "undertook a direct [and substantial] act in a course of conduct planned to culminate in his commission of the crime." *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003). At the time of conviction, the drug trafficking crime charged in Count Two had a statutory mandatory minimum of ten years and a statutory maximum of life in prison. *See* 21 U.S.C. § 841(b)(1)(A) (2006). Because the Hobbs Act conspiracy required the Government to prove only simple agreement rather than a direct and substantial act, and Hobbs Act conspiracy subjected Petitioner to lower statutory penalties, it is clearly the less serious offense.

The district court relies on only one Fourth Circuit decision in upholding Petitioner's conviction, *United States v. Hare*, 820 F.3d 93 (4th Cir. 2016). The majority relies heavily upon this decision as well. *See ante* at 8–10. But in my view, *Hare* cuts the other way.

In *Hare*, the appellants challenged their conspiracy to commit Hobbs Act robbery and § 924(c) jury trial convictions on the ground that after *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down as vague the residual clause of 18 U.S.C. § 924(e)(2)(B), which is substantially similar to § 924(c)(3)), Hobbs Act robbery no longer qualified as a crime of violence. *See* 820 F.3d at 105. As to the § 924(c) conviction, we noted in *Hare* that at trial, the district court instructed the jury that the appellants "could be found liable if they possessed a gun either in furtherance of the crime of violence charged in Count 1 or in furtherance of the drug trafficking crime charged in Count 2," and "[t]he special verdict form clearly shows that the jury found Appellants guilty of possessing a firearm *in furtherance of both crimes*." *Id.* at 106 (emphasis supplied). We further noted that a *general* verdict "should be set aside in cases where the verdict is supportable on one ground, but not another, and it is impossible to tell which ground the jury selected." *Id.* (internal quotation marks omitted). Special verdicts, however, "obviate this problem by allowing a court to determine upon what factual and legal basis the jury decided a given question." *Id.* (internal quotation marks omitted).

The majority characterizes *Hare*'s holding as follows: "*Johnson* has no effect on a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and a drug trafficking crime." *Ante* at 8. This is an overbroad characterization. There is more

25

to it than that. *Johnson* has "no effect" when it is "clearly show[n]" that the defendant has *also* been convicted of the non-*Johnson* predicate -- which is not the case here. *Hare*, 820 F.3d at 106.

The majority then "extend[s]" its overbroad characterization to "cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." *Ante* at 8–9. Again, I disagree. *Hare*'s holding was cabined to a special jury verdict form for good reason. A conjunctively written count in an indictment is a far cry from a special jury verdict form. As explained, the Government is *required* to charge disjunctive elements of a statute in the conjunctive in an indictment. But our case law makes clear that a plea of guilty to such a conjunctive count does not constitute a "clear[] show[ing]" that a defendant is pleading guilty to *all* of those elements. *Hare*, 820 F.3d at 106; *see Vann*, 660 F.3d at 774 (rejecting the view that "when a defendant pleads guilty, he necessarily admits all allegations charged conjunctively," and explaining, "[t]he opposite conclusion [that the defendant pleads guilty only to the elements necessary for a conviction] is the better-reasoned view").

In contrast, in a jury trial, the district court can "instruct the jury in the disjunctive" even when the Government "charges in the conjunctive." *United States v. Perry*, 560 F.3d 246, 257 (4th Cir. 2009); *see also United States v. Rhynes*, 196 F.3d 207, 242 (4th Cir. 1999), *vacated in part on reh'g en banc on other grounds*, 218 F.3d 310 (4th Cir. 2000) ("Where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive. The district court, however, can instruct the jury in the disjunctive."); 7A Fed. Proc. Forms § 20:724.60 (Supp. 2020) (federal jury instruction form

providing that "although the superseding indictment may charge the defendant with committing an offense in several ways, using conjunctive language (that is, 'and'), it is sufficient if the government proves the offense in the disjunctive (that is, 'or'). That is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense.").

The case at hand fits more squarely into *Hare*'s description of a general verdict where "it is impossible to tell which ground the jury selected." 820 F.3d at 106 (internal quotation marks omitted). Notwithstanding Petitioner's statement that he was guilty of Count Three, which listed the predicates conjunctively as required, there is no indication of *which* predicate Petitioner admitted to. In fact, if we were to treat this as a special verdict form situation, all indicators are that Petitioner believed he was pleading guilty to the Hobbs Act robbery predicate: Petitioner pled guilty to the substantive Hobbs Act robbery count; the conduct to which he stipulated in the statement of facts satisfied the elements of Hobbs Act robbery; he pled not guilty to the substantive drug trafficking charge; there is no mention of intent to distribute drugs in the statement of facts; and the Government dismissed the substantive drug trafficking charge.[4] And as explained, the Hobbs Act

_____

[4] I am mindful that a defendant does not have to plead to the substantive offense in order for it to constitute a § 924(c) predicate. I am also mindful that a defendant can plead guilty to both predicates. However, I find these indicators relevant in this particular case -- where we have two predicates, one to which Petitioner pled guilty to the substantive offense, and one to which he pled not guilty -- to determine whether the district court erred in finding that Petitioner "clearly indicated" he was pleading guilty to the drug trafficking predicate. J.A. 99.

conspiracy charge is the "least serious" of the statutory conduct charged. *Chapman*, 666 F.3d at 228.

Thus, I find no support for the district court's conclusion that Petitioner "clearly indicated" that the § 924(c) conviction charged in Count Three "was predicated on . . . Count Two, the drug trafficking charge." J.A. 99.

The majority also relies on decisions from our sister circuits holding that courts may look to the plea agreement, indictment, and plea hearing to ascertain the predicate(s) to which a defendant pled guilty. *See ante* at 9 (citing *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019), and *United States v. Collazo*, --- F. App'x ---, 2021 WL 1997681, at *5 (3d Cir. May 19, 2021)). I have no qualms with this general principle. However, these decisions, like *Hare*, require that the record "establish[es]," *Navarro*, 931 F.3d at 1302, and "make[s] clear," *Collazo*, 2021 WL 1997681, at *5, that the petitioner committed the predicate crime.

For example, in *Navarro*, the Eleventh Circuit decided that the defendant pled guilty to the elements of a § 924(c) drug trafficking predicate, including intent to distribute. The defendant's factual proffer "established [he] conspired . . . to steal, *and then distribute*, at least 15 kilograms of cocaine from a stash house." 931 F.2d at 1302 (emphasis supplied). Indeed, the proffer stated that the defendant and his fellow stash house robbers "discussed . . . details concerning the robbery, including how they would split the stolen cocaine *and how to discreetly sell it following the robbery*." *Id.* at 1300 (emphasis supplied). Here, we have no such admission by Petitioner or proffer by the Government that Petitioner intended to distribute the drugs he hoped to find.

28

Likewise, in *Collazo*, the Third Circuit determined that the defendant pled guilty to conspiracy to commit Hobbs Act robbery *and* substantive Hobbs Act robbery, relying on the factual proffer and other evidence. *See* 2021 WL 1997681, at \*4. The court explained that during the plea colloquy, "the government stated the specific facts it would have proved at trial, all of which combine to meet the elements of Hobbs Act robbery." *Id.* at \*5. But again, here, nowhere in the plea proceedings did Petitioner admit to -- and nowhere did the Government proffer -- that Petitioner intended to distribute drugs, an element of the drug trafficking crime. And it is, after all, the Government's burden to do so. *See United States v. Tucker*, 603 F.3d 260, 266–67 (4th Cir. 2010) (awarding relief pursuant to § 2255 where the Government "established only two of the three predicate offenses" of a § 924 count).

B.

Fact Finding

The district court also found that the factual basis for the § 924(c) charge "clearly included both the conspiracy to commit [the] Hobbs Act robbery offense charged in Count One and the drug trafficking crime charged in Count Two." J.A. 99.[5] I disagree on this point as well.

---

[5] Petitioner argued that the district court "engaged in impermissible factfinding" and "improperly relied on the Statement of Facts" in denying his petition, Pet'r's Br. 16, 20, and we review such challenges to the district court's factual findings for clear error, *see United States v. Roane*, 378 F.3d 382, 395 (4th Cir. 2004).

In the Plea Agreement, Petitioner admitted that Count Three charged him with "use, carry and brandishing firearms during and in relation to a crime of violence and a drug trafficking crime" and that he "is in fact guilty of the charged offense." J.A. 23–24 (capitalization omitted). Crucially, however, the Plea Agreement did not state the predicate to which Petitioner was pleading guilty. Instead, it merely regurgitated the conjunctive language of Count Three of the superseding indictment.

The Plea Agreement also included a Statement of Facts, which Petitioner agreed "establish[ed] guilt of the offense[s] charged [i.e., Count One and Count Three] beyond a reasonable doubt." J.A. 24. In the Statement of Facts, Petitioner admitted to the following:

- Officers responded to a report of a home invasion in Hopewell, Virginia. Officers found a victim lying on the floor surrounded by blood, and there was a blade of a knife still in the victim's leg when Petitioner and his coconspirators fled the residence. *See* J.A. 38–39.

- Petitioner and his coconspirators "agreed to commit an armed home invasion robbery at the home of an individual ***who they believed was a drug dealer***" "***to rob the victim of*** United States currency and ***narcotics, specifically, half a kilogram or more of cocaine***." J.A. 39 (emphases supplied).

- Shortly after 2:00 a.m., Petitioner and his coconspirators "kicked in the front door of the victims' residence. [Petitioner] and his coconspirators were each armed with a loaded firearm, which each displayed and brandished at all times during the home invasion. [Petitioner] and his coconspirators ***demanded money and drugs*** and ransacked each room in the residence ***searching for half a kilogram of cocaine*** and cash." J.A. 39 (emphases supplied).

- Petitioner and his coconspirators, in addition to stabbing the victim, also "kicked him in the head and pistol whipped him

30

about the face and head." They fled in a car driven by Petitioner's girlfriend. J.A. 39–40.

- Police pulled over the girlfriend's car and found "a large amount of" currency, along with several firearms in plain view. J.A. 40.

- The firearms recovered "had traveled in interstate or foreign commerce." J.A. 42.

- Petitioner admitted that he committed the home invasion while armed "because ***they believed the victim would have half a kilogram or more of cocaine*** and large quantities of cash inside the residence, and ***it was their plan and intent to steal the cocaine and drug proceeds***." J.A. 42 (emphases supplied).

The emphasized passages above encompass the entire universe of facts Petitioner admitted with regard to drugs. To be convicted of attempt to possess with intent to distribute cocaine, the Government was required to prove Petitioner "undertook a direct [and substantial] act" in furtherance of "(1) possession of . . . cocaine . . . ; (2) knowledge of this possession; and (3) intention to distribute the cocaine," *Pratt*, 351 F.3d at 135; *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). Yet there is zero mention in the Statement of Facts of a "direct and substantial act" in furtherance of possessing cocaine ***with the intent to distribute it***.

Conversely, all of the elements of conspiracy to commit Hobbs Act robbery are present in this Statement of Facts. One commits Hobbs Act robbery where he "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of

31

this section." 18 U.S.C. § 1951(a).  To wit, Petitioner admitted to (1) agreeing to commit a home invasion; (2) for the purpose of stealing money and drugs; (3) with firearms that had traveled in interstate or foreign commerce; (4) he and his coconspirators kicked in the victims' door; (5) they fled in a car in which officers found a large sum of money; and (6) they stabbed and pistol-whipped the victims.

The plea hearing was more of the same. As the majority recounts, the district court confirmed, "Now, count three, do you understand that you are charged with having used, carried, and brandished a firearm or firearms during and in relation to a crime of violence and a drug-trafficking crime?  You understand that's the charge?" Supp. J.A. 72.  Petitioner said yes.  The district court then asked Petitioner whether he was pleading guilty to Counts One and Three, because he was, "in fact, guilty of what they say you did in each count[,]" and Petitioner said yes.  Supp. J.A. 76.  But viewing conjunctive charges as we must, the only thing Petitioner admitted here is that the Government charged him with two predicates, and he was guilty of Count Three.  He did not specifically admit to which predicate he was pleading guilty.  And again, the coupling of Count One (conspiracy to commit Hobbs Act robbery) and Count Three (a § 924(c) charge with a Hobbs Act robbery predicate) makes it most obvious that Petitioner was referring to the conduct underlying his Hobbs Act conviction.

Additionally, at the plea hearing the magistrate judge focused on the violent nature of the robbery/home invasion, which again supports the notion that Petitioner was pleading guilty to the Hobbs Act predicate.  *See, e.g.*, Supp. J.A. 82 ("[T]he front door was knocked in, and you and your coconspirators were armed displaying firearms during the . . . home

32

invasion[.]”); *id.* (“[Y]ou, using the firearm, ordered the female victim involved to open vehicles still looking for further money and cocaine.”); *id.* (“[Y]ou injured the male victim in terms of not only with a knife but physical violence in terms of pistol whipping and such, and it goes on.”); *id.* at 83 (“[A]rticles of clothing that you wore apparently bore bloodstains that matched by DNA analysis that of the victim from the house”). The magistrate judge never mentioned the quantity of drugs Petitioner hoped to find, nor the intent to distribute such drugs.

The majority seems convinced that “the record tells us . . . [Petitioner] pleaded guilty to a violation of § 924(c) expressly predicated on both a crime of violence *and* a drug trafficking crime.” *Ante* at 9 (emphasis in original); *see id.* at 11 (“[S]ufficient evidence supports the drug trafficking predicate for Crawley’s § 924(c) conviction.”). I just do not see it.

As to intent to distribute -- an element of the drug trafficking predicate that the Government was required to prove beyond a reasonable doubt -- the majority finds that the amount of drugs Petitioner was hoping to find at the robbery was “far more than [he or his coconspirators] would have needed for personal use.” *Id.* at 12. Critically, however, this court “cannot . . . make . . . factual findings in the first instance.” *In re Naranjo*, 768 F.3d 332, 351 (4th Cir. 2014) (internal quotation marks omitted); *cf. In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016) (where indictment charged § 924(c) predicate offenses in the conjunctive, and it was unclear which predicate the jury relied upon, courts are prohibited from in engaging in “judicial factfinding” and “mak[ing] a guess based on . . . documents from [the defendant’s] trial or sentencing”). Neither the magistrate judge, nor the district

33

court, made a finding that the weight of the drugs Petitioner and his coconspirators hoped to find satisfied the intent to distribute element of the drug trafficking predicate.

Additionally, the majority relies on the amount of cash discovered on Petitioner's person, citing *United States v. Collins*, 412 F.3d 515 (4th Cir. 2005). *See ante* at 12. But *Collins* merely stands for the proposition that "the amount of cash *seized with . . . drugs*" is one factor courts can look to in inferring intent to distribute. *Id.* at 519 (emphasis supplied). Here, there were no drugs found.

For these reasons, I believe the district court clearly erred in concluding that the factual basis for the § 924(c) charge "clearly included . . . the drug trafficking crime charged in Count Two." J.A. 99. Therefore, I would reverse the district court on this alternative ground as well.

### III.

For the foregoing reasons, I would reverse the district court and remand with instructions to grant the § 2255 petition.