**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7586**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK MAURICE THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Senior District Judge. (0:04-cr-00657-JFA-1; 0:16-cv-02273-JFA)

Submitted: September 15, 2021                    Decided: October 4, 2021

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Patrick Maurice Thompson, Appellant Pro Se. Brook Bowers Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Maurice Thompson appeals the district court's orders (1) dismissing his 28 U.S.C. § 2255 motion, and (2) granting in part his motion for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act"). With regard to the order dismissing Thompson's § 2255 motion, we granted a certificate of appealability on the following issue: Whether Thompson's 18 U.S.C. § 924(c) convictions are valid and supported by qualifying predicate crimes of violence. With regard to the order granting in part Thompson's First Step Act motion, we identified the following nonfrivolous issue: Whether, in light of *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021), and *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), the district court erred in refusing to reconsider Thompson's career offender designation when recalculating Thompson's Sentencing Guidelines range. The Government filed an informal response brief addressing both of the identified issues.

We turn first to the validity of Thompson's § 924(c) convictions. Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (quoting 18 U.S.C. § 924(c)(1)(A)). The statute defines "crime of violence" in two subparts: § 924(c)(3)(A), also known as the "elements clause," and § 924(c)(3)(B), also known as the "residual clause." *Id.* In *Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2336. As a result, Thompson's § 924(c)

2

convictions are only valid if they rely on predicate offenses that qualify as crimes of violence under the elements clause. *See id.*

"[P]roof of a predicate offense"—that is, a qualifying crime of violence or drug trafficking crime—"is an essential element of a § 924(c) violation." *United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999). However, the Government is neither "required to separately charge or convict the defendant[] of the § 924(c) predicate offense . . . . [n]or . . . specify a specific § 924(c) predicate offense in the § 924(c) charge in the indictment." *Id.* at 208. Rather, to be valid, a § 924(c) conviction merely requires a "showing by the government that a reasonable jury *could* have convicted on the predicate . . . offense." *United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002) (per curiam). When determining whether the Government has made that showing, courts may look to the facts the defendant admitted through the plea agreement and plea colloquy. *United States v. Crawley*, 2 F.4th 257, 262-65 (4th Cir. 2021).

Here, the Government did not specify the predicate offenses for Thompson's § 924(c) violations. We conclude, however, that the facts Thompson admitted during his Fed. R. Crim. P. 11 hearing satisfy the elements of Hobbs Act robbery for each of his predicate offenses. *See United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015) (describing elements of Hobbs Act robbery). Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s elements clause. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Thompson correctly argues that the same facts also satisfy the elements of conspiracy to commit Hobbs Act robbery, *see United States v. Strayhorn*, 743 F.3d 917, 925 (4th Cir. 2014) (describing elements of conspiracy to commit Hobbs Act robbery),

3

which is not a crime of violence under § 924(c)(3)(A)'s elements clause, *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc). However, we recently held that "a § 924(c) conviction based on one valid and one invalid predicate offense remains sound." *Crawley*, 2 F.4th at 263. We therefore conclude that Thompson's § 924(c) convictions are valid and that the district court did not err in dismissing Thompson's § 2255 motion.

We turn next to the district court's order granting in part Thompson's First Step Act motion. Here, the Government concedes that, because the district court did not have the benefit of *Lancaster* and *Chambers*, the court reversibly erred in failing to address Thompson's nonfrivolous challenge to his career offender designation when deciding the First Step Act motion. We agree.

Accordingly, we affirm the district court's dismissal of Thompson's § 2255 motion; vacate the district court's order granting in part Thompson's First Step Act motion; and remand for further consideration of Thompson's First Step Act motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

4