**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4659**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY DERRELL FOYE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Senior District Judge.  (2:16-cr-00020-RBS-LRL-1)

_____

Submitted:  February 17, 2022                          Decided:  February 22, 2022

_____

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Aidan Taft Grano-Mickelsen, Assistant United States Attorney, Chase Harrington, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Derrell Foye appeals his conviction, following a guilty plea, for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Foye pled guilty, without a plea agreement, to conspiracy to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a), interference with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a), brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). We affirm.

Foye argues that his brandishing a firearm conviction under 18 U.S.C. § 924(c) is based on a valid predicate offense, Hobbs Act robbery, and an invalid predicate offense, conspiracy to commit Hobbs Act robbery. Based on *United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012), he maintains that, for the purposes of § 924(c), he only admitted to the allegedly less serious predicate offense, conspiracy to commit Hobbs Act robbery. Accordingly, Foye requests that the court overturn his 18 U.S.C. § 924(c) conviction.

We rejected Foye's argument in *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021), *cert. denied*, __ S. Ct. __, No. 21-6361, 2022 WL 89589 (U.S. Jan. 10, 2022). "[A] § 924(c) conviction based on one valid and one invalid predicate offense remains sound . . . and we extend that holding to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." *Id.* Here, based on Foye's guilty plea to Hobbs Act robbery, the accompanying statement of facts, and the magistrate judge's statement during Foye's Fed. R. Crim. P. 11 hearing that the § 924(c) charge was based on the robbery, we conclude that Foye's § 924(c) conviction was clearly and lawfully

predicated on Hobbs Act robbery.  Hobbs Act robbery is a crime of violence under § 924(c).  *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).  Therefore, we affirm Foye's § 924(c) conviction.  *See Crawley*, 2 F.4th at 263.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
