**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4588**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGEL MANUEL RIVAS, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, Chief District Judge.  (4:17-cr-00006-MSD-LRL-1)

_____

Submitted:  July 21, 2022                                        Decided:  July 25, 2022

_____

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2017, a federal grand jury returned a three-count indictment charging Angel Manuel Rivas, Jr., with conspiracy to interfere with interstate commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Count 1); a substantive count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a), 2 (Count 2); and brandishing a firearm in furtherance of a crime of violence, to wit: the conspiracy to commit Hobbs Act robbery and the Hobbs Act robbery charged in Counts 1 and 2, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (Count 3). Rivas filed a motion to dismiss Count 3 based on *Johnson v. United States*, 576 U.S. 591, 602 (2015) (declaring residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e), unconstitutionally vague), which the district court denied. Rivas thereafter entered a conditional guilty plea to Counts 2 and 3, reserving the right to challenge on appeal the district court's adverse ruling on the motion to dismiss. The court later sentenced Rivas to an aggregate term of 216 months' imprisonment, consisting of 132 months on Count 2 and a consecutive 84-month term on Count 3.

On appeal, Rivas argues that the district court erroneously denied his motion to dismiss and asks that we vacate his conviction on Count 3. According to Rivas, because Count 3 was predicated on both Count 1—conspiracy to commit Hobbs Act robbery, which is not a crime of violence after *Johnson*, *see United States v. Simms*, 914 F.3d 229, 233-34, 236-37 (4th Cir. 2019)—and Count 2—Hobbs Act robbery, which remains a crime of violence after *Johnson*, *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019)— his § 924(c) conviction is invalid. Finding no error, we affirm.

The critical documents establish that Count 3 was predicated on both the substantive Hobbs Act robbery offense charged in Count 2 and the conspiracy to commit Hobbs Act robbery offense charged in Count 1. Rivas' asserted claim of legal error is therefore foreclosed by our recent decision in *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021) (holding that, if a defendant's § 924(c) conviction is "expressly based on [a] valid and invalid predicate," then it "remains sound following *Johnson* and its progeny"), *cert. denied*, 142 S. Ct. 819 (2022). Accordingly, the district court did not err when it denied Rivas' motion to dismiss.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*