**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 97-4771

JAMES NEAL GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-97-556)

Argued: January 30, 1998

Decided: April 6, 1998

Before WILKINSON, Chief Judge, BUTZNER,
Senior Circuit Judge, and MICHAEL,
Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed in part and dismissed in part by published opinion. Senior
Judge Butzner wrote the opinion, in which Chief Judge Wilkinson
and Senior Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Russell White Templeton, Columbia, South Carolina, for
Appellant. Sean Kittrell, Assistant United States Attorney, Charles-
ton, South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey, United
States Attorney, Charleston, South Carolina, for Appellee.

**OPINION**

BUTZNER, Senior Circuit Judge:

James Neal Green appeals the denial of his motion to dismiss an indictment. Green contends that reindictment after a successful § 2255 motion violates the Double Jeopardy Clause and the contractual and due process rights arising from his plea agreement. We have jurisdiction to consider Green's double jeopardy claim and hold that reindictment was permissible. We do not have, however, appellate jurisdiction over Green's contract and due process claims and dismiss these claims without prejudice.

I

In August, 1995, in accordance with a plea agreement, Green pleaded guilty to count 2 of a five-count indictment, admitting that he "did knowingly use and carry a semi-automatic assault weapon . . . during and in relation to a drug trafficking crime." See 18 U.S.C. § 924(c) (1994). The government dismissed the remaining counts of the indictment, and the court sentenced Green to a ten-year term.

In December, 1995, the Supreme Court held that the government must show that a defendant actively employed a gun to support a conviction for use of a firearm in violation of § 924(c). Bailey v. United States, 516 U.S. 137, 144 (1995). Bailey invalidated circuit precedent.

In June, 1996, Green filed a motion under 28 U.S.C.§ 2255 claiming that his plea was invalid in light of Bailey . The district court found that the evidence was insufficient to support Green's plea in light of Bailey, and it granted Green's § 2255 motion, ordering his release unless he was reindicted. The government reindicted him. The current indictment was predicated on the original indictment except for the addition of a count which alleged another violation of 18 U.S.C. § 924(c). Specifically count 2 in the original indictment, to which Green pleaded guilty, is identical to count 3 in the current indictment.

Green moved to dismiss the current indictment. He contends that the government's reindictment on counts that it previously dismissed

2

is a breach of the plea agreement and will deny him due process of law. His motion to vacate his conviction, he claims, was not a repudiation of his plea agreement. He relies primarily on United States v. Sandoval-Lopez, 122 F.3d 797 (9th Cir. 1997), which held that inasmuch as plea agreements are contracts, when a defendant successfully collaterally attacks his plea on the basis of a change in the law he does not breach or repudiate his plea agreement, and he cannot be retried. Green also relies on the Double Jeopardy Clause. The district court denied Green's motion to dismiss the current indictment, and Green appealed.

II

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The clause protects a defendant from being twice tried or twice punished for the same offense. Green v. United States, 355 U.S. 184, 187-88 (1957). Inasmuch as the clause guarantees that a defendant cannot be twice tried for the same offense, a trial court's denial of a plea of double jeopardy is a final order within the meaning of 28 U.S.C. § 1291, which confers jurisdiction on an appellate court. Abney v. United States , 431 U.S. 651, 656-62 (1977). It is immaterial that the government reindicted Green instead of proceeding on the original indictment.

In contrast, the district court's decision on Green's contract and due process claims is not an appealable final order. There is a "crucial distinction" between a right not to be tried conferred by the Double Jeopardy Clause and "a right whose remedy requires the dismissal of charges." United States v. Hollywood Motor Car Co., 458 U.S. 263, 269 (1982). See also Midland Asphalt Corp. v. United States, 489 U.S. 794, 798-801 (1989); Coopers & Lybrand v. Livesay, 437 U.S. 463, 468-76 (1978); United States v. MacDonald , 435 U.S. 850, 856-62 (1978); Abney, 431 U.S. at 662-63; but see Sandoval-Lopez, 122 F.3d at 799-800. Because § 1291 does not confer appellate jurisdiction to consider this aspect of Green's appeal, we express no opinion on its merits. Green can subsequently raise these issues if he is convicted.

3

III

The Double Jeopardy Clause does not preclude prosecution of the offenses to which Green did not plead guilty. A jury was never impanelled to try these counts; the court never received evidence on these counts; Green was never acquitted of these counts; and Green was never sentenced for these counts. "The hallmarks of double jeopardy are not present." United States v. Johnson , 537 F.2d 1170, 1174 (4th Cir. 1976).

We turn next to the count in the current indictment charging a violation of § 924(c) that is identical to the count in the former indictment to which Green pleaded guilty. It is this offense which Green successfully challenged in his § 2255 motion.

A plea agreement confers on both parties some control over the evidence upon which, and the crimes for which, a defendant will be sentenced. The government bargains for admission of facts sufficient to support the imposition of a sentence within a largely predictable range. The defendant bargains for some limit to the crimes for which he will be sentenced, a measure of predictability as to that sentence, and often for substantial-assistance motions. At the heart of the parties' exchange is the agreement that the defendant will substantially serve the sentence imposed on the basis of conduct that the defendant has admitted. See generally United States v. Bunner, 134 F.3d 1000 (10th Cir. 1998).

Ordinarily, a judgment that the evidence was insufficient to support a conviction warrants a judgment of acquittal rather than a new trial. See Burks v. United States, 437 U.S. 1, 17 (1978). However, the Double Jeopardy Clause does not preclude retrial of a defendant whose conviction was set aside because of trial error. See id. at 14. Vacation of a judgment based on Bailey is akin to a reversal for trial error. The district court originally found that Green admitted sufficient facts to support a guilty plea and conviction under § 924(c) according to circuit precedent later invalidated by Bailey. Green's voluntary choice to contest the sufficiency of his plea was not based on his innocence but on error pertaining to the elements of his offense. As such, his retrial does not reflect the evils at which the Double Jeopardy Clause is aimed. See Burks, 437 U.S. at 15-16.

4

The Supreme Court has adopted the premise that "the Double Jeopardy Clause does not relieve a defendant from the consequences of his voluntary choice." Ricketts v. Adamson, 483 U.S. 1, 11 (1987) (citation omitted). Various courts have reflected this cardinal principle in reaching the conclusion that the Double Jeopardy Clause does not prohibit punishment of defendants who have successfully moved pursuant to 28 U.S.C. § 2255 to vacate their sentences on the basis of Bailey. In Bunner, 134 F.3d at 1005, the court observed:

> Subsequent to entering the agreement, an intervening change in the law destroyed the factual basis supporting Defendant's conviction. At this point, Defendant had two options. He could perform under the agreement as though Bailey were never decided or he could move to vacate his sentence pursuant to § 2255 on the ground that he pled guilty to something that wasn't a crime. On his own volition, Defendant chose the latter and the district court vacated his sentence. (footnote omitted).

The court held that the change in the law and the successful § 2255 motion frustrated the purpose of the plea agreement and permitted the government to reinstate previously dismissed charges. Id.

In United States v. Podde, 105 F.3d 813 (2d Cir. 1997), under different factual circumstances, the court applied the same precept, citing Ricketts, 483 U.S. at 11. After the defendant pleaded guilty, a change in the law several years later prompted him to move to have his conviction vacated. The court held that the Double Jeopardy Clause did not bar his prosecution on the original indictment, noting that the change in the law did not compel him to attack his conviction --it simply gave him the opportunity to do so. 105 F.3d at 817-18.

When a defendant has voluntarily exercised his right to have his conviction vacated for violating § 924(c) on the basis of Bailey, we have allowed the district court to enhance his punishment on other counts by application of USSG § 2D1.1(b)(1) for possession of a gun in the commission of a drug trafficking offense, notwithstanding his plea of double jeopardy. United States v. Smith , 115 F.3d 241, 245-47 (4th Cir. 1997). In United States v. Hawthorne , 94 F.3d 118, 122 (4th Cir. 1996), we allowed the government to elect to retry the defendant

5

or move to enhance his punishment in accordance with USSG § 2D1.1(b)(1). Although these decisions are based on the "sentencing package" doctrine, implicit in them is the recognition that the defendants voluntarily forfeited any interest in the finality of their convictions by initiating the motion based on a change in the law that led to the vacation of their sentences. See, e.g., United States v. Hillary, 106 F.3d 1170, 1172-73 (4th Cir. 1997). In this respect our cases reflect the guiding principle stated in Ricketts , 483 U.S. at 11: "The Double Jeopardy Clause does not relieve a defendant from the consequences of his voluntary choices."

IV

We affirm the district court's denial of Green's plea of double jeopardy. Green must be given credit for the time he has served if he is resentenced.

Green's contract and due process claims are dismissed without prejudice for lack of appellate jurisdiction.

AFFIRMED IN PART; DISMISSED IN PART