**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-7771**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

CORDARRELL A. JOHNSON,

        Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:09-cr-00418-HEH-RCY-2)

─────────────

Argued: March 9, 2021                Decided: September 8, 2021

─────────────

Before MOTZ, KING, and WYNN, Circuit Judges.

─────────────

Affirmed by published opinion. Judge King wrote the opinion, in which Judge Motz and Judge Wynn joined.

─────────────

**ARGUED:** Geremy C. Kamens, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Frances H. Pratt, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Stephen W. Miller, Assistant United States Attorney, Kaitlin G. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

KING, Circuit Judge:

In this appeal under the collateral order doctrine, appellant Cordarrell A. Johnson challenges the district court's denial in November 2019 of his claim that his reprosecution on two charges of 18 U.S.C. § 924(c) firearm offenses would contravene the Double Jeopardy Clause of the Fifth Amendment. Johnson pleaded guilty to the charged § 924(c) offenses in January 2010, but those convictions were vacated in September 2019 with the court's award of 28 U.S.C. § 2255 relief. The court has since decided that the Government may reprosecute Johnson on the § 924(c) charges, along with other charges that had previously been dismissed pursuant to Johnson's plea agreement. As explained below, we affirm the only aspect of the court's decision presently before us: its ruling that Johnson can be reprosecuted on the two § 924(c) charges without running afoul of the Double Jeopardy Clause.

I.

A.

By the operative Superseding Indictment of January 19, 2010, the grand jury in the Eastern District of Virginia charged Johnson and a codefendant with a variety of offenses. *See United States v. Johnson (Cordarrell)*, No. 3:09-cr-00418 (E.D. Va. Jan. 19, 2010), ECF No. 37 (the "Indictment"). Johnson was charged in five of the Indictment's nine counts, as follows:

- Conspiring in August and September 2009 to commit Hobbs Act robbery, in contravention of 18 U.S.C. § 1951(a) (Count One);

2

- Committing Hobbs Act robbery of a Holiday Inn Express in Petersburg, Virginia, on September 28, 2009, in violation of § 1951(a) (Count Six);

- Possessing and brandishing a firearm on September 28, 2009, in furtherance of the offenses specified in Counts One and Six, in contravention of 18 U.S.C. § 924(c) (Count Seven);

- Committing Hobbs Act robbery of a Richmond, Virginia branch of M&T Bank on September 28, 2009, in violation of § 1951(a) (Count Eight); and

- Possessing and brandishing a firearm on September 28, 2009, in furtherance of the offenses specified in Counts One and Eight, in contravention of § 924(c) (Count Nine).[1]

On January 29, 2010, ten days after the Indictment was returned, Johnson entered into a plea agreement with the United States Attorney for eastern Virginia, pursuant to which Johnson agreed to plead guilty to the § 924(c) firearm offenses charged in Counts Seven and Nine. Section 924(c) is violated, in relevant part, when a person "uses or carries a firearm" "during and in relation to any crime of violence" or "possesses a firearm" "in furtherance of any such crime." *See* § 924(c)(1)(A). A § 924(c) offense is punishable by at least five years of imprisonment, and the term of imprisonment for such an offense must run consecutively to any other term of imprisonment imposed, including any term of imprisonment for the predicate crime of violence. *Id.* § 924(c)(1)(A)-(D).

A defendant may plead guilty to a § 924(c) firearm offense without pleading guilty to the predicate crime of violence, so long as the district court has satisfied itself that there

---

[1] Counts Six through Nine include allegations of aiding and abetting the charged offenses, in violation of 18 U.S.C. § 2.

is a factual basis for the plea, including a factual basis that the predicate crime of violence was committed. *See United States v. Crawley*, 2 F.4th 257, 264 (4th Cir. 2021). Significantly, the plea agreement between Johnson and the Government identified only a single purported crime of violence that served as the predicate for Johnson's guilty pleas to both Counts Seven and Nine — the Count One conspiracy to commit Hobbs Act robbery. Yet the Indictment alleged an additional predicate crime of violence for each of the § 924(c) charges — the Count Six Hobbs Act robbery for Count Seven and the Count Eight Hobbs Act robbery for Count Nine. And Johnson admitted in the statement of facts attached to the plea agreement not only that he participated in the Count One Hobbs Act conspiracy and used a firearm in furtherance thereof, but also that he committed the Count Six and Count Eight Hobbs Act robberies and used a firearm during and in relation to those crimes.

On the day of the plea agreement (January 29, 2010), Johnson appeared before the district court and entered pleas of guilty to the § 924(c) firearm offenses charged in Counts Seven and Nine. During the plea hearing, there was no discussion of the discrepancy between the plea agreement (which omitted the Hobbs Act robberies charged in Counts Six and Eight as predicate crimes of violence for Counts Seven and Nine) and the statement of facts attached thereto (wherein Johnson admitted conduct relevant to the Count Six and Count Eight Hobbs Act robbery predicates). Rather, Johnson generally confirmed the accuracy of the statement of facts, and the court then accepted Johnson's guilty pleas to the Count Seven and Count Nine § 924(c) offenses. Thereafter, in April 2010, the court sentenced Johnson to a total term of imprisonment of 384 months, consisting of

4

consecutive terms of 84 months on Count Seven and 300 months on Count Nine. At the conclusion of the sentencing hearing, the court granted the Government's motion to dismiss the charges against Johnson in Counts One, Six, and Eight.

B.

Six years later, in June 2016, Johnson filed a 28 U.S.C. § 2255 motion in the Eastern District of Virginia, seeking to vacate his convictions of the 18 U.S.C. § 924(c) firearm offenses charged in Counts Seven and Nine of the Indictment. The theory of Johnson's § 2255 motion was that that the predicate crime specified in his plea agreement as to each of those counts — the Count One conspiracy to commit Hobbs Act robbery — no longer qualifies as a § 924(c) "crime of violence."[2]

Johnson's § 2255 motion initially relied on the Supreme Court's 2015 decision in *Johnson (Samuel James) v. United States*, which held that the definition of "violent felony" in the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See* 576 U.S. 591, 597 (2015); *see also* § 924(e)(2)(B)(ii) (defining "violent felony," in relevant part, as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). In January 2019, with Johnson's § 2255 motion still pending, our en banc Court concluded in *United States v. Simms* that the definition of "crime of violence" in § 924(c)'s residual clause, § 924(c)(3)(B), is similarly unconstitutional. *See* 914 F.3d 229, 232 (4th Cir. 2019) (en

---

[2] Johnson was proceeding pro se when he filed his § 2255 motion, but the district court later appointed counsel to represent him.

banc); *see also* § 924(c)(3)(B) (defining "crime of violence" as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). Soon thereafter, in June 2019, the Supreme Court confirmed in *United States v. Davis* that the § 924(c)(3)(B) residual clause definition of "crime of violence" is unconstitutionally vague. *See* 139 S. Ct. 2319, 2323-24 (2019).

On September 27, 2019, relying on *Simms* and *Davis*, the district court granted Johnson's § 2255 motion and vacated his convictions of the § 924(c) firearm offenses charged in Counts Seven and Nine. *See United States v. Johnson (Cordarrell)*, No. 3:09-cr-00418 (E.D. Va. Sept. 27, 2019), ECF Nos. 145 & 146 (the "§ 2255 Opinion" and the "§ 2255 Order," respectively). The court explained in its § 2255 Opinion that the Count One conspiracy to commit Hobbs Act robbery could not qualify as a predicate "crime of violence" without the § 924(c)(3)(B) residual clause definition struck as unconstitutional by *Simms* and *Davis*. *See* § 2255 Opinion 4-6. That is because a Hobbs Act conspiracy does not satisfy § 924(c)'s remaining definition of "crime of violence," i.e., the definition in its force clause, § 924(c)(3)(A). *See id.* at 5 (relating that *Simms* "determined that conspiracy to commit Hobbs Act robbery fails to satisfy the Force Clause" (citing *Simms*, 914 F.3d at 233-34)); *see also* § 924(c)(3)(A) (defining "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

Concomitantly, the district court denied the Government's motion to dismiss Johnson's § 2255 motion on the ground that his § 924(c) convictions were nonetheless

predicated on valid crimes of violence — namely, the Count Six Hobbs Act robbery for Count Seven and the Count Eight Hobbs Act robbery for Count Nine. *See* § 2255 Opinion 8-9. Although the court agreed with the Government "that Hobbs Act robbery still constitutes a valid crime of violence under the Force Clause," the court faulted the Government for its choice in drafting the plea agreement "to discard Hobbs Act robbery as crime of violence predicates for the § 924(c) charges in Counts Seven and Nine." *Id.* at 8. The court also rejected the Government's argument that it could rely on the Indictment and the statement of facts attached to the plea agreement to establish that — notwithstanding the plain language of the plea agreement limiting Johnson's guilty pleas to the Count One conspiracy predicate — Johnson also pleaded guilty to the Count Six and Count Eight robbery predicates. *See id.* (explaining that the Government "fail[ed] to cite the Court to any authority whatsoever for the proposition that it [could] rely upon . . . documents outside the Plea Agreement to broaden the basis [of] the Plea Agreement").

The district court summarized that "Johnson has established that, as set forth in the Plea Agreement, his convictions [of the § 924(c) firearm offenses] were predicated solely on the conspiracy to commit Hobbs Act robbery charged in Count One." *See* § 2255 Opinion 9. And, in light of *Simms* and *Davis*, "conspiracy to commit Hobbs Act robbery is not a viable crime of violence for a conviction under § 924(c)." *Id.* Accordingly, by its attendant § 2255 Order, the court denied the Government's motion to dismiss; granted Johnson's § 2255 motion; vacated Johnson's two § 924(c) convictions, as well as the related sentences; and ordered Johnson's release from confinement.

C.

On the same day that the § 2255 Order was entered (September 27, 2019), the Government sought an arrest warrant against Johnson on Counts Seven and Nine of the Indictment and indicated an intent to reprosecute him on those 18 U.S.C. § 924(c) charges on the theory that his predicate crimes of violence were the Hobbs Act robberies charged in Counts Six and Eight.  *See United States v. Johnson (Cordarrell)*, No. 3:09-cr-00418 (E.D. Va. Sept. 27, 2019), ECF No. 147.  In so doing, the Government asserted that the § 2255 Order "was not a judgment of acquittal" and that the charges in Counts Seven and Nine "remain valid and now unresolved."  *Id.* at 2.  The magistrate judge promptly approved the arrest warrant "[f]or good cause shown."  *See United States v. Johnson (Cordarrell)*, No. 3:09-cr-00418 (E.D. Va. Sept. 27, 2019), ECF No. 148.

Within the next week, Johnson filed in the district court a motion to dismiss the arrest warrant, quickly followed by an amended motion to dismiss the arrest warrant combined with a motion for an order precluding the Government from further prosecution. Johnson advanced several theories as to why there was no legal basis on which the court could issue the arrest warrant and the Government could reprosecute him, including that further prosecution would violate the plea agreement.  Relevant to this appeal, Johnson argued that his reprosecution on Counts Seven and Nine would contravene the Double Jeopardy Clause of the Fifth Amendment.

In response, the Government renewed its contention that Johnson had pleaded guilty to the Count Six and Count Eight Hobbs Act robbery predicates for Counts Seven and Nine, and it defended the arrest warrant primarily on that basis.  Alternatively, the

8

Government asserted that it could reprosecute Johnson on Counts Seven and Nine without violating the plea agreement or the Double Jeopardy Clause. In the event reprosecution was necessary, the Government filed a motion to reinstate all charges previously dismissed pursuant to the plea agreement, which the Government identified as Counts One, Six, and Eight, plus Counts Seven and Nine to the extent predicated on Counts Six and Eight. *See* 18 U.S.C. § 3296(a) (outlining circumstances in which court must reinstate charges dismissed pursuant to plea agreement upon vacatur of guilty plea).

On October 16, 2019, the district court entered a stay of Johnson's release from confinement under the § 2255 Order and conducted a hearing on the parties' pending motions. Thereafter, on November 22, 2019, the district court issued the memorandum opinion and order from which Johnson now appeals, specifically as to the court's denial of his double jeopardy claim. *See United States v. Johnson (Cordarrell)*, No. 3:09-cr-00418 (E.D. Va. Nov. 22, 2019), ECF Nos. 192 & 193 (the "Double Jeopardy Opinion" and the "Double Jeopardy Order," respectively).[3]

In rulings that are not presently subject to our review, and for reasons explained in its Double Jeopardy Opinion, the district court rejected the Government's renewed contention that Johnson pleaded guilty to the Count Six and Count Eight predicates for Counts Seven and Nine. *See* Double Jeopardy Opinion 6-10. The court agreed with the Government, however, that it was proper under § 3296 to reinstate all charges of the

---

[3] The Double Jeopardy Opinion has been published and can be found at 420 F. Supp. 3d 462 (E.D. Va. 2019).

Indictment that had been dismissed pursuant to the plea agreement. *Id.* at 10-20. The court also agreed with the Government that those charges included Counts One, Six, and Eight, as well as Counts Seven and Nine to the extent predicated on Counts Six and Eight. *Id.* at 19-20. In resolving to reinstate the previously dismissed charges, the court rejected Johnson's argument that further prosecution would violate the plea agreement. *Id.* at 12-19.

With respect to the ruling that is now before us — the district court's denial of Johnson's claim that reprosecution on Counts Seven and Nine would contravene the Double Jeopardy Clause — the court relied on our decision in *United States v. Green*, 139 F.3d 1002 (4th Cir. 1998). *See* Double Jeopardy Opinion 17-18. The court first cited *Green* for the proposition that "[t]he Double Jeopardy Clause does not preclude prosecution of the offenses to which [the defendant] did not plead guilty." *See Green*, 139 F.3d at 1004. Of especial significance to Counts Seven and Nine, the court then invoked *Green*'s holding that the Double Jeopardy Clause is no bar to reprosecution of an offense to which the defendant pleaded guilty but later obtained vacatur of his plea "not based on his innocence but on error pertaining to the elements of his offense." *Id.* (reasoning that because vacatur of a plea in such circumstances "is akin to a reversal for trial error," the defendant's "retrial does not reflect the evils at which the Double Jeopardy Clause is aimed").

As the district court saw it, by vacating Johnson's convictions of the § 924(c) offenses alleged in Counts Seven and Nine, the § 2255 Order had "effectively vacated" Johnson's guilty pleas to those offenses. *See* Double Jeopardy Opinion 12. And Johnson

10

had obtained the vacatur of his guilty pleas based on the type of error — error pertaining to the elements of the charged § 924(c) offenses — that *Green* ruled does not implicate the Double Jeopardy Clause. *Id.* at 17-18. The court therefore found no merit to Johnson's double jeopardy claim.

Finally, by its Double Jeopardy Order, the district court granted Johnson's amended motion to dismiss the arrest warrant; denied Johnson's motion for an order precluding the Government from further prosecution; granted the Government's motion to reinstate all previously dismissed charges, including Counts Seven and Nine to the extent predicated on Counts Six and Eight; and lifted the stay of Johnson's release from confinement under the § 2255 Order. *See* Double Jeopardy Order 1-2. The court explained that although Johnson "would otherwise be released from custody pursuant to this Court's decision dismissing the arrest warrant, [he] shall remain in custody pursuant to this Court's decision that all previously dismissed counts of the [Indictment] shall be reinstated." *Id.* at 2 (emphasis omitted).

### D.

Johnson timely noted this appeal on November 25, 2019, challenging solely the district court's denial of his claim that his reprosecution on Counts Seven and Nine would contravene the Double Jeopardy Clause. We possess jurisdiction pursuant to the collateral order doctrine. *See United States v. Jefferson*, 546 F.3d 300, 309 (4th Cir. 2008) (recognizing that "[t]he rights that have been deemed sufficient for a collateral-order appeal in a criminal proceeding [include] the right not to be placed in double jeopardy" (citing *Abney v. United States*, 431 U.S. 651, 659-60 (1977))); *see also Cohen v. Beneficial Indus.*

11

*Loan Corp.*, 337 U.S. 541, 546 (1949) (limiting jurisdiction under the collateral order doctrine to a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated").[4]

## II.

We review de novo a district court's denial of a claim of double jeopardy. *See United States v. Goodine*, 400 F.3d 202, 206 (4th Cir. 2005). Pursuant to the Fifth Amendment's Double Jeopardy Clause, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *See* U.S. Const. amend. V. A double jeopardy claim generally turns on whether the defendant was acquitted of the charge at issue, for the Supreme Court has long recognized that a "verdict of acquittal [is] final, and [cannot] be reviewed, on error or otherwise, without putting [the defendant] twice in jeopardy, and thereby violating the [Double Jeopardy Clause]." *See Ball v. United States*, 163 U.S. 662, 671 (1896).

In its 2013 decision in *Evans v. Michigan*, the Court discussed the characteristics and differing double jeopardy consequences of acquittals (which bar reprosecution) and

---

[4] On December 9, 2019, the district court entered a stay of Johnson's criminal proceedings pending our disposition of this collateral order appeal. Thereafter, on December 20, 2019, the Government noted its own appeal from the Double Jeopardy Order, as well as the § 2255 Order. The Government subsequently sought to voluntarily dismiss its appeal, however, and we granted its motion to do so.

procedural dismissals (which don't).  *See* 568 U.S. 313, 318-20 (2013).  As *Evans* explained, the Court's "cases have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *Id.* at 318. "Thus an acquittal includes a ruling by the court that the evidence is insufficient to convict, a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, and any other ruling which relates to the ultimate question of guilt or innocence." *Id.* at 319 (alterations and internal quotation marks omitted).  Such a substantive ruling engenders "a defendant's expectation of repose" and "concludes proceedings absolutely." *Id.*

By contrast, "[p]rocedural dismissals include rulings on questions that are unrelated to factual guilt or innocence, but which serve other purposes, including a legal judgment that a defendant, although criminally culpable, may not be punished because of some problem like an error with the indictment." *See Evans*, 568 U.S. at 319 (internal quotation marks omitted).  Reprosecution following a procedural dismissal "does not pose the same concerns" as reprosecution after an acquittal, "because no expectation of finality attaches to a properly granted mistrial." *Id.* at 319-20.

Here, Johnson premises his double jeopardy claim on the proposition that — in vacating his convictions of the 18 U.S.C. § 924(c) firearm offenses charged in Counts Seven and Nine of the Indictment — the § 2255 Order constituted an acquittal.  Although precedent of this Court compels the conclusion that the vacatur of Johnson's § 924(c) convictions was instead a mere procedural dismissal, Johnson insists that our precedent has been abrogated by the Supreme Court's *Evans* decision.  That is so, according to Johnson,

13

because "[t]he *Evans* Court found that for double jeopardy purposes, an acquittal is defined broadly, and includes any ruling that goes to culpability." *See* Br. of Appellant 20. In other words, Johnson contends that *Evans* treats as equal rulings based on factual innocence and those premised on legal innocence; because both types of rulings go to the defendant's culpability, they both qualify as acquittals.

We disagree, however, with Johnson's reading of *Evans*. Simply put, that interpretation is incompatible with the *Evans* Court's recognition that acquittals relate to "factual guilt or innocence" and procedural dismissals do not. *See* 568 U.S. at 319 (specifying that "[p]rocedural dismissals include rulings on questions that are unrelated to factual guilt or innocence" (internal quotation marks omitted)). As such, *Evans* does not abrogate our relevant precedent, which includes *United States v. Green*, 139 F.3d 1002 (4th Cir. 1998), and *United States v. Ford*, 703 F.3d 708 (4th Cir. 2013).

As heretofore discussed, the district court relied on *Green* in denying Johnson's double jeopardy claim. There, the defendant Green had pleaded guilty to a § 924(c) firearm offense, but that plea was subsequently vacated because of a post-plea change in law rendered by the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995) (holding that Government must show active employment of firearm to support § 924(c) conviction). *See Green*, 139 F.3d at 1003. The Government reindicted Green on an identical § 924(c) charge, and Green unsuccessfully moved in the district court to dismiss the indictment under the Double Jeopardy Clause. *Id.* On appeal, we found no merit to Green's double jeopardy claim for reasons including that he had not been acquitted of the original § 924(c) charge, as his challenge to "the sufficiency of his plea was not based on

14

his innocence but on error pertaining to the elements of his offense." *Id.* at 1004. We explained that vacatur of Green's plea "based on *Bailey* is akin to a reversal for trial error" and thus "his retrial does not reflect the evils at which the Double Jeopardy Clause is aimed." *Id.*

Similarly, in *Ford*, the defendant Ford had been convicted by a jury of an 18 U.S.C. § 922(g)(1) offense for being a felon in possession of a firearm, but we vacated that conviction as a result of our post-trial decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (changing how we determine whether prior offense qualifies as felony). *See Ford*, 703 F.3d at 709. On remand, the Government sought to retry Ford on the § 922(g)(1) charge, the district court denied Ford's claim that his retrial would contravene the Double Jeopardy Clause, and Ford then entered a conditional guilty plea and appealed. *Id.* at 710. We affirmed the denial of Green's double jeopardy claim on the ground that the reversal of his prior conviction "because of a post-trial change in law" "was analogous to one for procedural error and therefore did not bar retrial." *Id.*

Pursuant to our precedent, we are constrained to conclude that the vacatur of Johnson's § 924(c) convictions constituted a procedural dismissal, and not an acquittal. That is because the vacatur was unrelated to Johnson's factual innocence. Rather, the vacatur was premised on the change of law wrought by *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), and *United States v. Davis*, 139 S. Ct. 2319 (2019) (invalidating "crime of violence" definition in § 924(c)'s residual clause as unconstitutionally vague). Accordingly, we agree with the district court that Johnson can

be reprosecuted on the Count Seven and Count Nine § 924(c) charges without violating the Double Jeopardy Clause.

## III.

Pursuant to the foregoing, we affirm the district court's denial of Johnson's claim of double jeopardy.

*AFFIRMED*