Filed 7/21/25  P. v. Mora CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO EDWIN MORA,<br><br>  Defendant and Appellant. | 2d Crim. No. B334488<br>(Super. Ct. No. 2012038720)<br>(Ventura County) |

Antonio Edwin Mora appeals after the trial court conducted a resentencing pursuant to Penal Code section 1172.75.[1]  He contends the trial court:  (1) should have stricken outright all his gang allegations as no longer legally valid, and (2) abused its discretion in several respects.  Regarding remand, appellant contends:  (1) "a new probation report must be prepared so the trial court . . . can consider appellant's progress since his incarceration in 2012," and (2) the new abstract of judgment

_____

[1] Undesignated statutory references are to the Penal Code.

must accurately reflect his actual time in custody from arrest to imposition of a new sentence.

We conclude portions of Assembly Bill No. 333 (2021-2022 Reg. Sess.) (AB 333) apply retroactively to appellant's case. We will vacate the resentencing order and reverse the gang enhancements (§ 186.22, subd. (b)) on counts 1, 3, and 6. On remand, the People may seek to try those gang enhancements pursuant to amended section 186.22. Following any trial, or if none occurs, the trial court will conduct a full resentencing under section 1172.75.

PROCEDURAL BACKGROUND

In 2015, appellant pleaded guilty to conspiracy to transport, sell, and distribute controlled substances and extortion (§§ 182, subd. (a)(1) & 518, Health and Saf. Code § 11352; count 1), conspiracy to transport, sell, and distribute controlled substances (count 2), two counts of attempted extortion (§ 524; counts 3 and 6), and attempted second degree robbery (§§ 664/211; count 12). Appellant admitted: (1) section 186.22, subdivision (b)(1) gang enhancements as to counts 1, 3, 6, and 12; (2) a strike prior (§ 667, subds. (c)(2) & (e)(2)(C)); (3) a serious felony prior (§ 667, subd. (a)); and (4) a prison prior (§ 667.5, subd. (b)). The court sentenced appellant to a stipulated aggregate term of 27 years, four months.

In 2018, following receipt of a California Department of Corrections and Rehabilitation letter, the trial court modified the concurrent sentence for count 12. It also struck the section 186.22, subdivision (b)(1) enhancement on count 12 pursuant to section 1385. These changes did not affect the aggregate term.

In 2023, the court conducted a resentencing pursuant to section 1172.75. After striking the section 667.5, subdivision (b)

2

prior as legally invalid, the court struck the punishment on the one-year section 186.22 gang enhancements for counts 3 and 6. The court imposed the four-year section 186.22 enhancement on count 1. It indicated AB 333 did not compel dismissal of the section 186.22 gang enhancements and resentenced appellant to an aggregate term of 24 years, four months.

## DISCUSSION

Appellant contends the trial court should have stricken the section 186.22 gang allegations in light of AB 333. The People concede parts of AB 333 apply retroactively here and indicate the case should be remanded for the trial court to consider whether the gang enhancements are still valid. We agree parts of AB 333 are retroactive.

We review de novo questions of retroactivity. (*In re David C.* (2020) 53 Cal.App.5th 514, 519.)

Effective January 1, 2022, "[AB] 333 amended . . . section 186.22 by imposing new substantive requirements relating to gang enhancements and the criminal offense of gang participation." (*People v. Burgos* (2024) 16 Cal.5th 1, 7 (*Burgos*).) "These changes 'ha[d] the effect of "increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement."'" (*Id*. at p. 9.) For example, AB 333 narrowed the definition of a criminal street gang. (*Ibid*.; § 186.22, subd. (f).) In addition to effecting substantive change, AB 333 also added section 1109, which provides for bifurcation of gang charges. (*Burgos*, at p. 7; § 1109.)

"Ordinarily, statutes are presumed to apply only prospectively, unless the Legislature expressly declares otherwise. This well-settled principle is codified at section 3 of the Penal Code and appears in other codes as well." (*Burgos*,

3

*supra*, 16 Cal.5th at pp. 7-8.) However, "in the absence of a contrary indication of legislative intent, . . . legislation that ameliorates punishment . . . applies to all cases that are not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 675; *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).) "*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.'" (*People v. Tran* (2022) 13 Cal.5th 1169, 1207.) Thus, while section 1109 is a procedural change that applies prospectively only, AB 333's substantive changes to the elements of the section 186.22 gang enhancement apply retroactively to nonfinal cases. (*Burgos*, at pp. 23-25; *Tran*, at p. 1207.)

The California Supreme Court has held "there is no distinction for *Estrada* purposes 'between cases that are nonfinal because the defendant is undergoing retrial or resentencing and those in a newly coined procedural stance—cases "not yet final on initial review."'" (*People v. Lopez* (2025) 17 Cal.5th 388, 398.) Therefore, appellant's case became nonfinal for *Estrada* purposes when the trial court resentenced him pursuant to section 1172.75. (Cf. *People v. Arias* (2020) 52 Cal.App.5th 213, 219 [recall of sentence effectively vacated the original sentence and commitment].) AB 333 applies to appellant's case, and his admissions under the prior, less demanding version of section 186.22 are now legally insufficient. Accordingly, we will reverse the section 186.22 gang enhancements as to counts 1, 3, and 6.

Courts holding AB 333 applies retroactively have permitted retrial of gang enhancements on remand. (See, e.g., *People v. Sek* (2022) 74 Cal.App.5th 657, 669.) There is no reason to treat appellant's gang enhancement admissions pursuant to his plea any differently than a jury verdict. (See *U.S. v. Tateo* (1964) 377

4

U.S. 463, 465 [12 L.Ed.2d 448] [Double Jeopardy Clause does not bar retrial of "defendant whose conviction is set aside because of an error in the proceedings leading to conviction"]; see also *United States v. Green* (4th Cir. 1998) 139 F.3d 1002, 1004.) Thus, our decision does not preclude the People from trying the section 186.22 gang enhancements for counts 1, 3, and 6 on remand.

Our disposition vacating the resentencing order renders moot appellant's arguments that the trial court abused its sentencing discretion.

*Probation Report*

Appellant asserts that "[u]pon remand, a new probation report must be prepared so the trial court, in considering its various discretionary decisions, can consider appellant's progress since his incarceration in 2012." When a defendant is ineligible for probation, a trial court has discretion to obtain a supplemental probation report, except where the restitution fine amount must be determined. (*People v. Franco* (2014) 232 Cal.App.4th 831, 834-835; § 1203, subd. (g); Cal. Rules of Court, rule 4.411.) Appellant is currently ineligible for probation. (See § 667, subd. (c)(2).) Given our remand, the decision regarding a supplemental probation report is for the trial court in the first instance. Appellant is free to request such a report on remand.

*Credits*

When, as here, "a prison term already in progress is modified . . . , the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) In such

5

situations, however, the trial court must not recalculate *conduct* credits. (See *People v. Dean* (2024) 99 Cal.App.5th 391, 396-397.) Therefore, on remand, the trial court must recalculate appellant's actual credits, but not his conduct credits. Of course, the abstract of judgment should reflect the credits the court awards.

## DISPOSITION

The court's December 21, 2023 resentencing order is vacated. The gang enhancements (§ 186.22, subd. (b)) on counts 1, 3, and 6 are reversed. The matter is remanded for further proceedings consistent with this opinion. The People may seek to try the gang enhancements on counts 1, 3, and 6 pursuant to amended section 186.22. Following any trial, or if none occurs, the trial court will conduct a full resentencing under section 1172.75.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Matthew Guasco, Judge
Superior Court County of Ventura

_____

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Blythe Leszkay and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.