**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4002

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER K. WILSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:15-cr-00021-AWA-LRL-1)

Submitted:  April 15, 2022                                        Decided:  April 20, 2022

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Sean S. Jung, PILGRIMS LAW GROUP, PLLC, Yorktown, Virginia, for Appellant.  Dana J. Boente, United States Attorney, G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2015, a federal grand jury returned a three-count indictment charging Christopher K. Wilson, Jr., with conspiracy to interfere with interstate commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Count 1); a substantive count of Hobbs Act robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a), (2) (Count 2); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, to wit:  the conspiracy to commit Hobbs Act robbery and the Hobbs Act robbery charged in Counts 1 and 2, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (Count 3).  Pursuant to his written plea agreement, Wilson pled guilty to Counts 1 and 3.  Wilson thereafter moved to withdraw his guilty plea to Count 3 based on *Johnson v. United States*, 576 U.S. 591 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague).  The district court denied the motion, holding, in pertinent part, that the substantive Hobbs Act robbery charged in Count 2 qualified as a predicate "crime of violence" under the force provision in 18 U.S.C. § 924(c)(3)(A).  The court later sentenced Wilson to an aggregate term of 125 months' imprisonment, consisting of 41 months on the conspiracy charge and a consecutive 84-month term on the § 924(c) count.

On appeal, Wilson argues that the district court erred in denying his motion to withdraw his guilty plea.  Wilson's argument relies on the ambiguity as to whether the § 924(c) count was predicated solely on Count 1—conspiracy to commit Hobbs Act robbery—because that is the count to which he pled guilty, or on both Counts 1 and 2. Because later-issued authority establishes that conspiracy to commit Hobbs Act robbery

does not qualify, categorically, as a crime of violence under § 924(c)(3)(A), *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc), and in light of the Supreme Court's later invalidation of the residual language in 18 U.S.C. § 924(c)(3)(B), *United States v. Davis*, 139 S. Ct. 2319 (2019), Wilson asks us to vacate his conviction on Count 3 and to remand his case for resentencing.[*]

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *Id*. (internal quotation marks omitted). A defendant may withdraw a plea accepted by the court before the court imposes its sentence upon demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, there is no absolute right to withdraw a guilty plea, *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), and the defendant "bears the burden of demonstrating that withdrawal should be granted," *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

---

[*] Wilson's appeal, which has been held in abeyance for several Fourth Circuit decisions, was most recently in abeyance for *United States v. Dickerson*, No. 20-6578. *Dickerson* was consolidated with *United States v. Ogun*, No. 16-7450. This court recently issued a decision in those consolidated appeals, *see United States v. Ogun*, Nos. 16-7450/20-6578, 2022 WL 843899 (4th Cir. Mar. 22, 2022) (per curiam), rendering Wilson's appeal ripe for disposition.

3

After careful consideration of the parties' arguments as developed over the course of this appeal, the record as supplemented, and the relevant legal authorities, we hold that Wilson cannot show that the district court abused its discretion in denying his motion to withdraw the guilty plea. Specifically, Wilson's asserted claim of legal error in allowing the guilty plea to the § 924(c) count to stand is foreclosed by our recent decision in *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 819 (2022), in which we held that, if a defendant's § 924(c) conviction is "expressly based on [a] valid and invalid predicate," then it "remains sound following *Johnson* and its progeny." *Crawley* thus dispels any question as to whether the district court should have allowed Wilson to withdraw his guilty plea to the § 924(c) offense, which was explicitly based on charges of both substantive Hobbs Act robbery and conspiracy to commit Hobbs Act robbery.

Accordingly, we affirm the district court's order denying Wilson's motion to withdraw his guilty plea and the ensuing criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4