**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 16-4250**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HATRATICO GAZZAR BENJAMIN SMITH,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:12-cr-00528-ELH-1)

───────────────

Submitted:  October 31, 2022                          Decided:  November 14, 2022

───────────────

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Sicilia C. Englert, LAW OFFICE OF SICILIA C. ENGLERT, LLC, Alexandria, Virginia, for Appellant.  Michael Clayton Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hatratico Gazzar Benjamin Smith pled guilty, pursuant to a plea agreement and an incorporated statement of facts, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count 1), and possessing, brandishing, and discharging a firearm in furtherance of the crimes of violence of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 924(c) (count 46). The parties stipulated in the agreement that a 180-month prison term on count 1 and a consecutive 120-month prison term on count 46 were the appropriate dispositions in the case, *see* Fed. R. Crim. P. 11(c)(1)(C), and the district court sentenced Smith to 180 months' imprisonment on count 1, a consecutive term of 120 months' imprisonment on count 46, and concurrent supervised release terms of three and five years.

In this appeal from the initial and amended criminal judgments, Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Smith's conviction on count 46 is infirm because it is based on the invalid predicate of Hobbs Act conspiracy. Smith was informed of his right to file a pro se supplemental brief, but he has not done so. The Government did not file a brief and does not seek to enforce the appeal waiver in Smith's plea agreement.[1] We affirm in part, vacate in part, and remand for resentencing.

---

[1] Because the Government fails to assert the waiver as a bar to this appeal, we consider the issue raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

We review counsel's challenge to Smith's conviction for plain error. *See United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). To succeed under plain error review, Smith must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *Id.* "We retain the discretion to correct such an error but will do so only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Section 924(c) provides that a person who "uses or carries" a firearm "during and in relation to any crime of violence," or who "possesses" a firearm "in furtherance of any such crime," may be convicted of both the underlying crime of violence and the use, carrying, or possession of that firearm. 18 U.S.C. § 924(c)(1)(A); *see United States v. Bryant*, 949 F.3d 168, 172 (4th Cir. 2020). A "crime of violence" is defined for such purposes as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts refer to § 924(c)(3)(A) as the force clause and to § 924(c)(3)(B) as the (now-invalid) residual clause." *Bryant*, 949 F.3d at 172 (internal quotation marks omitted); *see United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding § 924(c) residual clause is unconstitutionally vague following *Johnson v. United States*, 576 U.S. 591, 606 (2015) (holding residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague)).

3

When Smith pled guilty in 2013, conspiracy to commit Hobbs Act robbery qualified as a crime of violence under the residual clause at § 924(c)(3)(B). In the wake of the Supreme Court's 2015 decision in *Johnson* and its progeny, this court determined that conspiracy to commit Hobbs Act robbery-one of the predicates undergirding count 46-is not categorically a crime of violence and thus cannot serve as a valid predicate for a § 924(c) charge. *See United States v. Ali*, 991 F.3d 561, 573 (4th Cir.), *cert. denied*, 142 S. Ct. 486 (2021). The other predicate undergirding count 46-substantive Hobbs Act robbery-continues, however, to qualify as a valid § 924(c) predicate. *Id.*

In *United States v. Crawley* – for which this appeal was held in abeyance – this court held that, if a defendant's § 924(c) conviction resulting from his guilty plea is "expressly based on [a] valid and invalid predicate," then it "remains sound following *Johnson* and its progeny." 2 F.4th 257, 263 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 819 (2022). In other words, we will uphold a § 924(c) conviction if it is "expressly predicated" on at least one offense that categorically qualifies as a crime of violence. *Id.* To determine which predicate offenses underlie a § 924(c) conviction obtained by a guilty plea, we look to "the critical record documents," *id.* at 267, which include the indictment, the plea agreement, the statement of facts, and the plea colloquy, *id.* at 263-64. At bottom, the inquiry centers on whether "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty," *id.* at 265 (internal quotation marks omitted), and, if so, whether that offense is a valid predicate, *id.* at 263.

The superseding indictment identified the valid predicate of Hobbs Act robbery and the now-invalid predicate of conspiracy to commit Hobbs Act robbery as the crimes of

violence undergirding count 46. Smith admitted in the statement of facts that the Government would prove he committed a gunpoint robbery of a restaurant and confirmed at the guilty plea hearing he had agreed to the statement of facts and was pleading guilty to count 46 because he had committed that offense. Based on the critical record documents in this case, we are satisfied that Smith's conviction on count 46 was expressly based on a valid predicate and an invalid predicate. Under *Crawley*, that is enough to sustain the conviction.[2]

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues remaining as to Smith's convictions. Reviewing the transcript of the sentencing hearing and the non-mandatory conditions of supervised release appearing in the written judgments pursuant to *Anders*, we note that, since the time of Smith's sentencing, this court has issued additional guidance as to what is necessary to sentence a defendant to a non-mandatory condition of supervised release.

"[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)). This directive applies to "any set of discretionary conditions—even those categorized as

---

[2] We reject as without merit counsel's assertion that count 46 is infirm because, by signing the plea agreement, Smith agreed only that, if the case proceeded to a trial, the Government would prove information set forth in the statement of facts. It is undercut by Smith's admissions at the guilty plea hearing and foreclosed by *Crawley*. *See* 2 F.4th at 264.

'standard' by the [Sentencing] Guidelines." *Rogers*, 961 F.3d at 297-98.  After reviewing the record, we conclude that the district court—which did not have the benefit of these decisions when it sentenced Smith—did not comply with this directive with respect to non-mandatory conditions of supervision appearing in the judgments.  Thus, Smith was not sentenced to those conditions, and a remand for resentencing is required. *See Singletary*, 984 F.3d at 344, 346-47; *see also United States v. Jenkins*, No. 21-4003, 2022 WL 112069, at *1-2 (4th Cir. Jan. 12, 2022) (concluding that lack of "match" between oral pronouncement that defendant report to probation officer in district "to which he's released" and written direction in judgment that defendant report to probation office in judicial district where he was "authorized to reside" qualified as "reversible *Rogers* error").

We therefore affirm Smith's convictions, vacate his sentence, and remand for resentencing.  We deny Smith's motion to place this appeal in abeyance for No. 17-4269, *United States v. Pyos.*  This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review.  If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

6