**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────────

**No. 21-7355**

──────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ARCHIE ORLANDO PORTER,

             Defendant - Appellant.

──────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:19-cr-00106-MOC-WCM-1)

──────────────

Submitted:  March 16, 2023                           Decided:  March 20, 2023

──────────────

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

──────────────

Affirmed by unpublished per curiam opinion.

──────────────

**ON BRIEF:** Samuel Bayness Winthrop, WINTHROP & GAINES MESSICK, PLLC, Statesville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

──────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Archie Orlando Porter pleaded guilty, pursuant to a written plea agreement, to possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  In exchange for Porter's guilty plea, the Government agreed to dismiss six other charges, including the charge of distributing, dispensing, and possessing with intent to distribute and dispense a quantity of methamphetamine, in violation 21 U.S.C. § 841(a)(1), which was the predicate drug trafficking crime for Porter's § 924(c)(1)(A) conviction.    The district court sentenced Porter to five years' imprisonment—the mandatory minimum for his offense.

On appeal, Porter's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Porter's § 924(c)(1)(A) conviction is infirm because Porter did not plead guilty to the predicate drug trafficking crime and whether the record establishes that Porter's possession of the firearm was in furtherance of a drug trafficking crime.  We affirm.

Counsel first questions whether Porter's § 924(c)(1)(A) conviction is infirm because Porter did not plead guilty to the predicate drug trafficking crime.  We have held that "[18 U.S.C.] § 924(c) convictions do not require a conviction on the predicate drug trafficking offense," but there must be "at least some showing by the government that a reasonable jury *could* have convicted on the predicate drug offense."  *United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002); *see United States v. Crawley*, 2 F.4th 257, 264 (4th Cir. 2021) (reaffirming that principle).

2

The written factual basis for Porter's guilty plea establishes that a reasonable jury could have convicted him of distributing, dispensing, or possessing with the intent to distribute or dispense a quantity of methamphetamine. Specifically, the factual basis reflects that police officers encountered Porter as a passenger in a vehicle and arrested him based on an outstanding warrant. Upon searching the vehicle, the officers found a bag containing a handgun in the area where Porter had been sitting. The officers also found an empty magazine, empty plastic baggies, and about $400 in cash in that area. A search of Porter's person at the jail produced 4.7 grams of methamphetamine, and a review of text messages on Porter's cellphone revealed that he sold methamphetamine. Porter also admitted to the officers that he sold methamphetamine. And Porter later acknowledged that he intended to distribute the methamphetamine found on his person. Based on those facts, a reasonable jury could have convicted Porter of distributing, dispensing, or possessing with intent to distribute or dispense a quantity of methamphetamine. We thus discern no infirmity in Porter's § 924(c)(1)(A) conviction based on the fact that he did not also plead guilty to the predicate drug trafficking crime.

Counsel next questions whether the record establishes that Porter's possession of the handgun was in furtherance of a drug trafficking crime. We construe counsel's argument as a challenge to the sufficiency of the factual basis supporting Porter's guilty plea. "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The factual basis requirement "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v.*

3

*DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).  We have recognized that "[t]he district court possesses wide discretion in finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense."  *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). In making its factual basis finding, the district court may rely on "anything that appears on the record."  *United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007).

To prove a § 924(c)(1)(A) offense, the Government must show that the defendant's possession of a firearm "furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002).  In assessing whether the Government has made that showing, we consider a number of nonexclusive factors, including "the type of drug offense, the type of firearm, its proximity to drugs and drug profits, its accessibility, whether the firearm is illegally possessed, whether the firearm is stolen, whether the firearm is loaded, and the general circumstances surrounding the possession."  *United States v. Moody*, 2 F.4th 180, 192 (4th Cir. 2021).

We are satisfied that the written factual basis establishes that Porter's possession of the handgun was in furtherance of a drug trafficking crime.  As mentioned, officers discovered the handgun—a common tool of the drug trafficking trade—in close proximity to empty plastic baggies and a large amount of cash.  *See United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010) ("A handgun . . . has been deemed a tool of the drug trade because it is easy to conceal yet deadly." (internal quotation marks omitted)).  The handgun was also near where Porter had been sitting in the vehicle, so it was close to the methamphetamine on Porter's person, and it was accessible to Porter.  Moreover, Porter

4

could not legally possess the handgun based on a prior felony conviction. And Porter admitted that he possessed the handgun to protect his drug "enterprise." We therefore conclude that the district court properly found a factual basis supported Porter's guilty plea. *See United States v. Moore*, 769 F.3d 264, 270 (4th Cir. 2014) (holding that requisite connection between handgun and drug trafficking crime existed where handgun was found in defendant's apartment along with drugs, items used for packaging drugs, and large amount of cash and defendant could not legally possess firearm).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's amended judgment. This court requires that counsel inform Porter, in writing, of the right to petition the Supreme Court of the United States for further review. If Porter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Porter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5